Per Curiam.

Promptly after his arraignment in Criminal Court and the assignment of counsel, defendant wrote a personal note to the Grand Jury asking to appear before it and "tell his story”. This was without the knowledge of his counsel Defendant’s testimony was taken under waiver of immunity. The District Attorney did not notify defendant’s counsel of his intended appearance before the Grand Jury.
Defendant was indicted. He had given substantially the same testimony, denying his guilt, before the Grand Jury that he gave before the trial jury which convicted him. Although the District Attorney may have assumed defendant had talked with his counsel about his appearance, he should have ascertained this, and in any case should have advised counsel of this proposed appearance of defendant.
But the conviction should not be reversed unless prejudice has resulted. Defendant’s right to appear and explain was a personal right under section 250 (subd. 2) of the Code of Criminal Procedure and he could not be accompanied by counsel before the Grand Jury (People v. Ianniello, 21 N Y 2d 418) although counsel could have advised him as to the wisdom of appearing. But defendant took the matter in Ms own hands as he might have done against counsel’s advice.
*556 The G-rand Jury is part of the investigatory process and not the prosecution, as the court held in Ianniello (p. 424). The People had no part in inducing defendant’s appearance.
For these reasons the appearance is not to be treated as an official interposition by the prosecutor between attorney and client interfering with the relationship.
The question is, then, whether defendant has been prejudiced. The only trial use made of the Grand Jury testimony was a question by the prosecutor on cross-examination of defendant on a trivial difference in his testimony as to the time in which defendant had known the deceased. This could have had no prejudicial effect.
The judgment should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion.
Judgment affirmed.