(February 28, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED D. HOLCOMBE, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered August 8, 1978, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the sixth degree and bail jumping in the first degree. On June 7, 1975, as the defendant was leaving a motel at Elmira, New York, he was apprehended by the police. Their search of an ice chest that the defendant was carrying disclosed a substantial quantity of marihuana and he was arrested. Subsequent thereto he was arraigned on a felony complaint charging him with criminal possession of a controlled substance. At the time he was represented by counsel and was released on bail. The defendant contends, and it is not seriously refuted, that thereafter he was contacted by the authorities and questioned upon a number of occasions concerning the activities that led to his arrest and about other matters as well. During these conversations, offers of leniency were allegedly made, and it was suggested that the defendant would be well advised to sign a waiver of immunity and appear and testify before the Grand Jury. Though the police were aware that defendant was represented by counsel, the attorney was not present on these occasions, nor was he present on June 13, 1975 when the defendant, allegedly in exchange for promises of leniency, executed a waiver of immunity and testified before the Grand Jury which, on the same day, returned an indictment charging defendant with criminal possession of a controlled substance in the fifth degree. While the defendant spoke with his attorney in the time interval between these previously mentioned conversations and left the Grand Jury proceedings to consult with his attorney, the latter was never present during any of the interviews conducted by the authorities and most significantly was not present when the defendant was requested to and did sign the waiver of immunity. Sometime thereafter motions were made to dismiss the indictment, upon the ground that the defendant was denied his right to counsel when making the decision to waive his Grand Jury immunity and testify, and to suppress the seized marihuana. When both motions were denied, the defendant fled the State, and during his absence he was indicted for bail jumping in the first degree. Upon being apprehended and returned to the jurisdiction, defendant renewed these motions, which again were denied, and he then pleaded guilty to criminal possession of a controlled substance in the sixth degree and bail jumping in the first degree. The defendant raises several issues regarding his conviction for criminal possession and we turn first to his assertion that he was denied counsel when he executed the waiver of immunity. Under present law, a criminal action commences with the filing of an accusatory instrument (CPL 1.20, subd 17), which includes a felony complaint (CPL 1.20, subds 1, 8). It was established in *People v Settles* (46 NY2d 154), and cases cited therein, that a defendant is entitled to counsel at all critical stages of a criminal prosecution and that the right to counsel attaches once the criminal action has been commenced or, under certain circumstances, even earlier. It was also established that, when the accusation is made by filing the felony complaint, the matter is in litigation, and this "is precisely the juncture at which legal advice is crucial and a well-recognized principle in civil litigation serves as an appropriate analogy. Once a matter is the subject of a legal controversy any discussions relating thereto should be conducted by counsel: at that point the parties are in no position to safeguard their rights" *(People v Settles, supra,* pp 163-164).

Obviously, here the criminal proceedings had been commenced and were at a most critical stage, and the defendant was "in no position to safeguard his rights" and so entitled to counsel. Hence, we are presented with the question of whether a defendant can waive that right, in the absence of counsel, and relying upon the rationale of *People v Samuels* (49 NY2d 218), we conclude that he cannot. Surely, the proceedings were at a critical stage, and it would be difficult to envision a situation where the need for legal advice and sound evaluation of the alternatives was more necessary and desirable than presented here. A decision of momentous consequence had to be made and *Samuels (supra)*, and to a degree its predecessors, heralds the admonition that, given these circumstances, the right to counsel could be waived only in the physical presence of counsel. Defendant's Grand Jury testimony was tainted by this denial of the right to counsel, which requires that the indictment charging criminal possession of a controlled substance in the fifth degree be dismissed. Moreover, since the pleas here concerned two indictments and also were conditioned upon a negotiated agreement that defendant would receive concurrent sentences on the indictments to which he pleaded, the defendant's plea to bail jumping in the first degree must be vacated (see *People v Clark,* 45 NY2d 432, 440) and the defendant returned to *status quo ante.* Accordingly, we need not reach the other issues presented. Judgment reversed, on the law, Indictment No. 75-147 dismissed; guilty plea to Indictment No. 76-118 vacated, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent herewith. Sweeney, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.