## (June 26, 1980)

██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE PEPPER, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered July 12, 1979, convicting defendant upon his plea of guilty of the crime of sodomy in the second degree. On November 16, 1978, at about 8:00 P.M., one of the arresting officers filed a felony complaint against the defendant, charging him with sodomy in the second degree and sexual abuse in the second degree. On the basis of such complaint the Town Justice of the Town of Guilderland issued an arrest warrant. No effort was made by the arresting officer to execute such warrant until the following day, when, in the company of another investigator, the officer who had obtained the warrant went to the defendant's place of business and questioned the defendant about his knowledge or involvement in the incident being investigated. The warrant was not executed, nor was the defendant told of its existence, nor was he placed under arrest. Rather, the defendant agreed to meet the officers at their barracks to give a statement and went there voluntarily, driving his own car and not in the company of the officers. The defendant arrived at the barracks about 10:30 A.M. on November 17, 1978, where a lengthy interrogation occurred which culminated in a statement being signed by the defendant about 2:00 P.M. A factual dispute exists as to whether the defendant was told of his arrest at the time of his arrival at the barracks. In any event, after his statement was obtained he was then told that he was under arrest. During his interrogation he was admittedly treated well and after his statement was permitted to call his attorney. The defendant was fingerprinted, photographed and placed in a lineup which concluded at about 3:00 P.M. Thereafter, the defendant was arraigned in the Guilderland Town Court at about 4:15 P.M., some 20 hours after the arresting officer had obtained the arrest warrant based on his filing of the felony complaint. After a suppression hearing, and on June 21, 1979, the County Court found that the defendant's statement was voluntary, that the defendant had been fully informed of his *Miranda* rights and had waived the same, and that the statement was given without compulsion or duress, and refused to suppress it. Thereupon, the defendant pleaded guilty to the crime of sodomy in the second degree in satisfaction of the indictment. On July 12, 1979, he was sentenced to an indeterminate term of imprisonment having a maximum term of seven years. Under present law as determined by the Court of Appeals in *People v Samuels* (49 NY2d 218), a statement obtained in the absence of counsel after the filing of a felony complaint must be suppressed. The filing of the felony complaint herein and the

issuance of the warrant based thereon formally commenced the criminal proceeding against the defendant and placed him "in no position to safeguard his rights" and entitled him as of right to the assistance of counsel *(People v Holcombe,* 74 AD2d 700), and such right having so attached cannot be waived by the defendant except in the physical presence of counsel *(People v Arthur,* 22 NY2d 325; see *People v Dean,* 47 NY2d 967; *People v Ermo,* 47 NY2d 863; *People v Holcombe, supra).* Although the decision of the Court of Appeals in *People v Samuels (supra)* was subsequent to the defendant's conviction herein, nevertheless we hold that such decision, involving as it does the constitutional right to counsel, must be given retroactive effect *(People v Morales,* 37 NY2d 262; *People v Albro,* 73 AD2d 73).* Having so determined, we need not reach the other issues presented. Moreover, this issue may be raised for the first time on appeal *(People v Cullen,* 50 NY2d 168). Judgment reversed, on the law, guilty plea vacated, and matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.