■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DALE SEAMAN, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered October 24, 1978, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and unlawful imprisonment in the first degree. Arrested May 23, 1977, defendant was charged with kidnapping in the second degree and sexual abuse in the first degree based on the complaint of a Cornell University graduate student who maintained that defendant had knocked her from her bicycle, forced her into his automobile, and fondled her breasts. Prior to arraignment, defendant called an attorney who advised him to make no statements to the authorities, but it does not appear that the attorney was retained or made an appearance during preliminary proceedings. A search of defendant's residence the following day, pursuant to a warrant, resulted in the seizure of some weapons. Additional charges were prepared for the illegal possession thereof, a warrant was issued, and defendant was again arrested on May 27, 1977 at his place of employment. At that time, defendant mentioned he wanted to talk about the earlier incident. The officers obliged and proceeded to question him further on their ride back to the Sheriff's office. His statement was thereafter reduced to writing, read and signed by him. There is no question but that defendant was given *Miranda* warnings before any statement was made and, as noted, it does not appear that he was then represented by counsel. The statement executed by defendant was ultimately offered and received in evidence at his trial, after its suppression had been denied following a hearing. Whether this statement was properly admitted into evidence is one of the multitude of issues raised on this appeal. Since there must be a reversal on that ground, we consider no other question. Defendant had been arrested, arraigned and released on bail upon the charges of which he was ultimately convicted. The investigatory stage had passed and the matter was in "litigation". The right to counsel had attached, and could not be waived except in the presence of counsel *(People v Samuels,* 49 NY2d 218, 222). Moreover, the mere fact that defendant wanted to speak cannot serve to make his answers to police questions spontaneous (cf. *People v Tompkins,* 45 NY2d 748). Since this matter was in the appellate process when *Samuels (supra)* was decided and involves the basic constitutional right to counsel, its ruling must be given retroactive effect *(People v Pepper,* 76 AD2d 1006). Judgment reversed, on the law, and a new trial ordered. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.