## (July 23, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PETERS, Appellant. — Appeal from a judgment of the County Court of Fulton County (Albanese, J.), rendered May 17, 1978, upon a verdict convicting defendant of the crimes of grand larceny in the third degree and two counts of issuing a bad check. On February 4, 1977, an accusatory instrument was filed against defendant in the Town Court of Northampton, Fulton County, charging him with grand larceny in the third degree and two counts of issuing a bad check. The complaint was filed by the foreman of the Wm. Le Lia Construction firm because defendant had allegedly issued bad checks to pay for a quantity of Christmas trees he had purchased from that firm. The court issued an arrest warrant which was executed on February 9, 1977 at defendant's place of business in Orange County. The defendant retained counsel, was promptly arraigned on the charges, and released on bail. A day or so later, on February 11, 1977, defendant was interviewed at his place of business by a New York State Police undercover narcotics investigator who, unknown to defendant, was recording the conversation in connection with a drug probe. This investigator was unaware of the charges pending against defendant in Fulton County until defendant himself volunteered that he was involved in a felony there for issuing bad checks. When this disclosure was made, the investigator continued the questioning in relation to the details of those charges and succeeded in eliciting incriminating admissions from the defendant in regard thereto. During defendant's trial in Fulton County, he moved to suppress these statements. The trial court denied the motion after a hearing, for the reason that the statements were volunteered and obtained in a noncustodial setting, and admitted the statements into evidence over defendant's objection. In the light of recent judicial authority, we disagree with the trial court's determination and hold that it violated defendant's constitutional right to counsel, and for that reason a reversal of his conviction is mandated. The filing of the accusatory instrument in the Town Court on February 4, 1977 commenced that criminal action against defendant (CPL 1.20, subd 17) and triggered his right to counsel. After the commencement of the formal criminal proceeding " 'any discussions relating [to those charges] should be conducted by counsel: at that point the parties are in no position to safeguard their rights' " *(People v Samuels,* 49 NY2d 218, 223), and statements obtained in the absence of counsel thereafter must be suppressed *(People v Pepper,* 53 NY2d 213). While it is not necessary for us to consider the investigator's right to interrogate defendant in regard to the drug probe (see *People v Bartolomeo,* 53 NY2d 225; *People v Kazmarick,* 52 NY2d 322, 328-329), the questioning certainly could not be extended to elicit incriminating statements on the unrelated charges pending in Fulton County in the absence of defendant's counsel without violating the rule of *People v Samuels (supra).* When applicable, that rule is

absolute and does not depend on the investigator's knowledge that the defendant is represented by counsel on such charges. As was said in *People v Kazmarick (supra,* p 324), "the right to counsel on [an] unrelated charge indelibly attaches upon the issuance of an accusatory instrument or warrant *on that charge* and in relation to *that charge* [and] proscribes waiver of counsel in the absence of counsel" (emphasis added). That the inquiry occurred in a noncustodial setting is immaterial (see *People v Skinner,* 52 NY2d 24; *People v Townes,* 41 NY2d 97, 103; *People v Roberson,* 41 NY2d 106, 109). Certainly, the trial court, whose determination herein predated the holding in *People v Samuels* by some eight months, cannot be faulted for its failure to anticipate that decision. Nevertheless, where so fundamental a constitutional right as the defendant's right to counsel is involved, the rule of *Samuels* must be given retroactive effect on this direct appeal *(People v Pepper, supra; People v Albro,* 73 AD2d 73, affd 52 NY2d 619) and the conviction reversed. We have examined the other errors urged by defendant on this appeal and find them to be lacking in merit. Judgment reversed, on the law, and a new trial ordered. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.