OPINION OF THE COURT
Raymond E. Cornelius, J.
A motion to dismiss the indictment, in the above case, raises the question whether or not a defendant, who exercises his right to testify before a Grand Jury, may waive his constitutional rights in the absence of his attorney.
On or about April 30,1981, the defendant was arraigned in a lower criminal court on two charges of forgery in the second degree, class D felonies, in violation of subdivision 1 of section 170.10 of the Penal Law, and was assigned a court-appointed attorney. Thereafter, the defendant waived his right to a preliminary hearing, and the case was referred to the Grand Jury.
On May 6, 1981, the assigned attorney, Neal P. McClelland, forwarded a letter to the District Attorney’s office, in which he requested the date and time of the Grand Jury presentation in order to “offer Mr. Knaak the option to testify.” Subsequently, the District Attorney sent Mr. McClelland a notice dated July 2, 1981, which contained *84 the statutory language of CPL 190.50 (subd 5, pars [a], [b]) including the condition that the defendant execute a waiver of immunity, and informing him that the case was scheduled for presentation to the Grand Jury on July 7, 1981 at 9:10 a.m. This notice was not received until July 6, 1981 because of the intervening 4th of July holiday weekend, but upon receipt, Mr. McClelland attempted to communicate with his client. Although unsuccessful in this endeavor, a telephone message was left with the defendant’s mother requesting him to call the attorney. The defendant apparently misinterpreted this communication, and did not contact Mr. McClelland, but did appear the following morning, without counsel, at the Grand Jury.
The Grand Jury transcript, which has been provided to the court, discloses that the District Attorney, in the presence of the Grand Jury, informed the defendant of the nature of the charges, and, in relevant part, the following dialogue occurred:
“mr. harvey: The Grand Jury is hearing a case against you today. Do you desire to testify here today?
“the witness: Yeah.
“mr. harvey: Do you have an attorney?
“the witness: Well, I do, but I can’t remember his name. He’s from Victor.
“mr. harvey: Have you talked to him about testifying here today?
“the witness: He told me I should.
“mr. harvey: So, under the advice of your attorney, you are testifying?
“the witness: Right.
“mr. harvey: Did he tell you the remifications [sic]?
“the witness: No.”
The District Attorney, at this point, exhibited the waiver of immunity to the defendant. After a review of the contents thereof, including the waiver of the right against self incrimination, which the defendant asserted he understood, the waiver of immunity was signed, by the defendant, in the presence of the Grand Jury. Immediately after *85 the execution of this document, the defendant proceeded to testify, in response to questions posed by the District Attorney, and, in effect, confessed to theft and forgery of two checks, which were the subject of the pending criminal charges. At the conclusion of the questioning by the District Attorney, the Grand Jury was invited to ask questions, and after several questions by individual members, the District Attorney asked the defendant whether or not there was “anything you want to add”, to which the defendant replied in the negative.
The defendant, by counsel, now makes application to dismiss the indictment, which was subsequently returned against him and charges him with two counts of petit larceny and two counts of forgery in the second degree, on the basis that he has obtained immunity from prosecution, pursuant to CPL 190.40 and that the Grand Jury proceedings were defective within the meaning of CPL 210.35. More specifically, the defendant contends that the waiver of immunity was ineffective, and he thereby obtained immunity, because he was denied a reasonable time in which to obtain and confer with counsel, he was not fully advised of his rights pursuant to CPL 190.40, 190.45, and 190.50 before executing the waiver, and signed the waiver without the benefit or advice of his attorney.
In a long series of cases, the Court of Appeals has repeatedly held that a defendant, against whom formal criminal charges have been filed and/or who is represented by counsel, may not, as a matter of law, waive his constitutional rights to counsel in the absence of his lawyer. (E.g., People v Arthur, 22 NY2d 325; People v Hobson, 39 NY2d 479; People v Settles, 46 NY2d 154; People v Samuels, 49 NY2d 218.) Thus, any statement obtained, as a result of questioning, in violation of this rule must be suppressed, and it is immaterial whether or not the defendant was in custody. (People v Skinner, 52 NY2d 24.) Admittedly, the appearance of a defendant before a Grand Jury constitutes a voluntary act, on his part, but by the express provisions of CPL 190.50 (subd 5, par [b]), such a defendant subjects himself to examination by the People. This is perhaps best illustrated by the Grand Jury transcript in the pending case, which discloses that the defendant’s opportunity to *86 give any relevant and competent evidence, aside from the direct questions posed by the District Attorney, consisted of answers in response to only several questions posed by members of the Grand Jury and an inquiry by the District Attorney as to whether or not the defendant had anything to add.
There would appear to be no logical reason why the right to counsel should not attach at the Grand Jury stage, together with the corresponding rule that a defendant may not waive this right in the absence of counsel, except for the historical role of the Grand Jury as a secret, investigatory body, whose nondeliberative proceedings may only be attended by certain specified individuals. (CPL 190.25.) By amendment, effective September 1, 1978, this section now provides for the presence of an attorney, representing a witness, pursuant to CPL 190.52. (L 1978, ch 447.) Pursuant to this latter section, the Legislature has now provided that a witness, who has signed a waiver of immunity, has the right to have an attorney present in the Grand Jury room for the purpose of providing advice to the witness. Although the statute does not foreclose the waiver of this right, in absence of counsel, it, nevertheless, in the court’s opinion, involves a constitutional right to counsel which would otherwise apply. It should be noted that the right to counsel has been recognized in regard to certain aspects of a Grand Jury proceeding, absent statutory authorization. (See, e.g., People v Ianniello, 21 NY2d 418; People v Lincoln, 80 AD2d 877.)
The court holds that a defendant, appearing before a Grand Jury pursuant to CPL 190.50, may not waive his right to the presence and assistance of counsel in cases where he is, in fact, represented by assigned or retained counsel and/or a formal criminal proceeding has been commenced against him. The right to counsel is a predicate to a knowing and intelligent waiver of other rights, including the right against self incrimination, which, in part, is embodied within the waiver of immunity. Therefore, the defendant, in the pending case, could not effectively waive his rights in the absence of his attorney.
CPL 190.40 (subd 1) provides that “[e]very witness in a grand jury proceeding must give any evidence legally re *87 quested, of him” (emphasis added), and under subdivision 2 of that same section, provides that a witness who gives evidence before a Grand Jury receives immunity unless he has “effectively waived such immunity”. As afore-mentioned, the defendant contends that he has received immunity because the waiver of immunity was ineffective. The language in several reported decisions would presumably apply this section to a defendant, who, at his request, has testified before a Grand Jury. (See People v Lyon, 82 AD2d 516; People v Ellwanger, 99 Misc 2d 807.) (It should be noted that the defendant in the pending case, like the defendants in the two reported decisions, was not actually sworn before the Grand Jury, but this court adheres to the ruling in those two cases in regard to that particular issue.)
CPL 190.50 (subd 5, par [c]) declares that an indictment is invalid and must be dismissed, upon motion made within five days of arraignment, in the case where there has been a violation of CPL 190.50 (subd 5, pars [a], [b]). A review of the record indicates that the District Attorney, in the pending case, did comply with the statutory requirements contained in those two paragraphs. In relevant part, the court finds that the notice sent to Mr. McClelland, the defense attorney, although relatively short, did accord the defendant a reasonable time to exercise his right to appear as a witness before the Grand Jury. Furthermore, upon appearing at the time and place scheduled for the Grand Jury presentation, the defendant did sign and submit to the Grand Jury a waiver of immunity, which met the statutory requirements of CPL 190.45 and was thereafter permitted to testify. The only factor making the waiver of immunity ineffective, in the court’s opinion, was the absence of counsel, which is not required by the language contained in the statute. Stated differently, the defendant should not receive immunity in a case where the waiver of immunity is ineffective for some reason not envisioned by the statute. In such situations the more appropriate remedy may be suppression of the evidence given by defendant before a Grand Jury. (See People v Richard MM., 75 AD2d 389.)
Accordingly, it is hereby ordered that the motion to dismiss the indictment is denied, and it is further ordered *88 that the testimony given by the defendant, before the Grand Jury, be suppressed and the District Attorney precluded from using said evidence at trial.