## (July 8, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED D. HOLCOMBE, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered January 9, 1981, convicting defendant upon his plea of guilty of the crime of bail jumping in the first degree. Originally convicted of criminal possession of a controlled substance in the sixth degree and bail jumping in the first degree, defendant obtained a reversal of those convictions upon appeal to this court (74 AD2d 700). The indictment charging criminal possession was dismissed while the bail jumping charge was remitted to the County Court for further proceedings. Defendant now appeals from his subsequent conviction for bail jumping and argues that the dismissal of the underlying criminal possession of a controlled substance charge nullifies the bail jumping charge. We disagree. The crime of bail jumping is committed when a person who is released by court order upon bail or his own recognizance fails to make a scheduled court appearance within a specified period of time (see Penal Law, §§ 215.56, 215.57). As such, it is a crime separate and distinct from the predicate charge which gave rise to the bail jumping offense. Defendant's ultimate success on the predicate charge does not in any way excuse or justify his failure to obey a court order directing his appearance in connection therewith (see *People v Minefee,* 14 Ill App 3d 796). Defendant's other contentions have been examined and found to be without merit. Accordingly, the judgment of conviction should be affirmed. Judgment affirmed. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.