■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELANO CHANDLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alfano, J.),

rendered May 27, 1983, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reversing the conviction of criminal possession of a weapon in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, judgment affirmed.

At approximately 2:20 P.M., on October 6, 1981, several police officers executed a search warrant for the premises at 797 Franklin Avenue, Brooklyn. The premises bore an exterior sign identifying it as a pool hall. The exterior door, which had a buzzer, was locked, and the police, after announcing their presence, had to break it down in order to gain entry.

Immediately inside the exterior door was a room with a pool table. There were no persons present. A wood and plexiglass partition extended across the entire width of this room, separating it from the rear of the premises. The partition was covered with posters, and one could not see through it to the rear of the premises, nor could one look over it. The partition door which separated the front room from the rear of the premises was also locked, and there was a slit-like opening in the plexiglass similar to that of a bank teller's or ticket booth window.

When the police broke down the partition door, they saw the defendant and several others fleeing out the back door. The officers gave chase, and apprehended the defendant and the others on the rooftop of an adjoining building. A number of waxpaper packets containing a white powder were recovered from the area of the roof where the defendant and the others had been made to lie down when arrested.

The officers then brought the defendant and the others back to the rear of the premises at 797 Franklin Avenue, and there discovered a number of items, all of which were in plain view. Among other things, the police recovered $772 on a counter behind the slit-like opening in the plexiglass, a large number of wax paper packets and glassine envelopes containing a white substance later determined to be cocaine, as well as mannite (a mixing agent) and strainers. Additionally, on one of the tables where many packets of cocaine were found, the police also recovered a loaded and operable .38 caliber revolver. The defendant was thereafter convicted of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree.

As the defendant was never shown to have been in actual possession of either the gun or the contraband, his convictions can be sustained only if constructive possession was established as to these items. With respect to the charge of criminal possession of a controlled substance, we find that the evidence amply supports the defendant's conviction. When narcotics are found in open view in a room other than a public place, every person in close proximity to the narcotics at the time of their discovery is presumed by statute to have knowingly possessed them (Penal Law § 220.25 [2]). This presumption is rebuttable, but the jury is permitted, upon all of the evidence, to draw the logical inference of criminal possession from a defendant's presence at the place of discovery *(People v Daniels,* 37 NY2d 624, 630-631). Contrary to the defendant's contention here, we find that the premises in question clearly were not a "public place", and that the statutory presumption, which was not rebutted, was applicable. Under the circumstances, we cannot say that the jury's conclusion was against the weight of the evidence.

However, the statutory presumption of possession under Penal Law § 220.25 (2) is inapplicable to the weapon possession charge. Nor do the statutory presumptions contained in Penal Law § 265.15 apply to the facts at bar. As there is no evidence on the record tending to establish that the defendant had actual or constructive possession of the gun, his conviction on that count must be reversed and that count of the indictment dismissed.

We have considered the defendant's remaining contentions and find them to be without merit. Eiber, J. P., Kunzeman, Kooper and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD CHAPMAN, Doing Business as MIDDLEMAN HOME IMPROVEMENT PRODUCTS Co., Respondent.—Appeal by the People from an order of the County Court, Nassau County (Thorp, J.), dated February 25, 1985, which granted the defendant's motion, pursuant to CPL 210.20 (1) (d), to dismiss the indictment.

Order modified, on the law, by adding a provision that the dismissal of the indictment is without prejudice to the People to resubmit the matter to another Grand Jury. As so modified, order affirmed.

On November 23, 1983, a felony complaint was filed charging the defendant with a scheme to defraud in the first degree and several counts of grand larceny in the third degree. Thereafter, the defendant was arraigned on that complaint,

and he was represented by a retained attorney until April 24, 1984, when the attorney was relieved as counsel, apparently due to the defendant's lack of contact with the attorney and his failure to pay him. However, on June 7, 1984, former defense counsel received a notice from the Nassau County District Attorney's office advising that the defendant's case would be presented to the Grand Jury on June 15, 1984, which notice he forwarded to the defendant.

On June 15, 1984, the defendant appeared to testify before the Grand Jury without an attorney. The prosecutor handling the matter brought the defendant before the Judge and advised him that the defendant, who had previously been represented by counsel, "has made it known to me that he wishes to proceed pro se". Despite the fact that the defendant stated that he could not afford an attorney, he was not afforded the opportunity to apply for legal aid or court-appointed counsel.

The defendant then signed a waiver of immunity and appeared before the Grand Jury. In the Grand Jury room, the defendant stated that he had not spoken to an attorney about testifying before the Grand Jury, and that he did not know that he had a right to have an attorney in the Grand Jury room after he had signed and sworn to the waiver of immunity. The defendant was then sworn, again signed the waiver, and testified about the incidents in question.

On or about June 22, 1984, the Grand Jury returned an indictment charging the defendant with a scheme to defraud in the first degree, grand larceny in the second degree, grand larceny in the third degree (eight counts), and petit larceny (nine counts). The defendant then moved, *inter alia,* for an order pursuant to CPL 210.20 dismissing the indictment on the ground that he had immunity under CPL 190.40 with respect to the offenses charged. He argued that the waiver of immunity executed by him was invalid because his right to counsel had attached at the time he was arraigned on the felony complaint, he signed the waiver in the absence of counsel, and he did not make a knowing and voluntary waiver of that right at the Grand Jury proceedings. The County Court granted the defendant's motion and dismissed the indictment, reasoning that since the defendant's right to counsel had attached by virtue of the filing of the felony complaint, he could not thereafter waive his constitutional right to counsel in the absence of counsel, and that, therefore, the waiver of immunity was ineffective, as a consequence of which the defendant received immunity with respect to the crimes for which he was indicted.

It is well established in this State that a defendant against whom formal criminal charges have been filed (i.e., such as by the filing of a felony complaint) has an indelible right to counsel *(see, People v Skinner,* 52 NY2d 24; *People v Samuels,* 49 NY2d 218; *People v Settles,* 46 NY2d 154). Once an accusation is made by the filing of a felony complaint, the matter is in litigation and this "is precisely the juncture at which legal advice is crucial and * * * any discussions relating thereto should be conducted by counsel: at that point the parties are in no position to safeguard their rights" *(People v Settles, supra,* at pp 163-164). Moreover, "[n]ice distinctions between the need for counsel at various stages of the proceedings are irrelevant once the right to counsel has indelibly attached" *(People v Settles, supra,* at p 165).

In the instant case, in view of the fact that the criminal proceedings had been commenced and were at a critical stage, the defendant was entitled to counsel *(see, People v Holcombe,* 74 AD2d 700; *People v Hall,* 128 Misc 2d 7; *People v Knaak,* 112 Misc 2d 83). CPL 190.52, effective September 1, 1978, now provides that a witness who has signed a waiver of immunity has the right to have an attorney present in the Grand Jury room for the purpose of providing advice to the witness. Moreover, the right to counsel in regard to certain aspects of a Grand Jury proceeding has been recognized by the courts, even absent statutory authorization *(see, People v Waters,* 27 NY2d 553; *People v Ianniello,* 21 NY2d 418, *cert denied* 393 US 827; *People v Lincoln,* 80 AD2d 877; *People v Swanson,* 18 AD2d 832; *Matter of People v Riley,* 98 Misc 2d 454).

The defendant could have effected a valid waiver of his right to counsel before a neutral magistrate and elected to proceed *pro se.* However, the defendant's colloquy before the court reveals that he did not unequivocally, knowingly, and intelligently waive his right to counsel *(see, People v Mitchell,* 61 NY2d 580; *People v Sawyer,* 57 NY2d 12, 21; *People v White,* 56 NY2d 110; *People v McIntyre,* 36 NY2d 10, 17).

In view of the fact that the defendant's Grand Jury testimony was tainted by the denial of his right to counsel, the indictment was properly dismissed *(see, People v Holcombe, supra; People v Lincoln, supra; People v Hall, supra).* This is without prejudice, however, to the right of the People to resubmit the matter to another Grand Jury. We reject the defendant's claim and the County Court's determination that by virtue of the denial of the defendant's right to counsel, the waiver of immunity was ineffective, and, therefore, the defendant received transactional immunity from further prosecu-

tion. While the defendant has a right to have counsel present, the presence of counsel is not required under the pertinent statutory provisions (see, CPL 190.40, 190.45, 190.50, 190.52), and a defendant should not receive transactional immunity in a case where the waiver of immunity is ineffective for some reason not envisioned by the statute (see, People v Knaak, supra). The statute does not envision that a Grand Jury witness in the defendant's position (i.e., a potential defendant who voluntarily appears to testify) should obtain transactional immunity due to the denial of his right to counsel (compare, CPL 190.45, with CPL 190.50 [5] [a], [b]). Such a defendant who voluntarily appears to testify before the Grand Jury and who signs a written waiver of immunity, which is sworn to before the Grand Jury, is not entitled to transactional immunity. While the use of the defendant's prior Grand Jury testimony is prohibited, the People have a right to resubmit the case to another Grand Jury. Mollen, P. J., Weinstein, Rubin and Spatt, JJ., concur.