■ The People of the State of New York, Respondent, v Alfred Hylton, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alfano, J.), rendered May 27, 1983, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a weapon in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, the judgment is affirmed.

On October 6, 1981, several police officers executed a search warrant for the premises at 797 Franklin Avenue, Brooklyn,

which was identified by a sign as a poolroom. The police were required to break down the locked, buzzer-equipped front door in order to gain entrance to the premises *(see, People v Chandler,* 121 AD2d 644).

Inside, the police discovered a room with a pool table. No persons were in that room. Stretching across the width of the room was a wood and plexiglass partition. The partition was high enough so that one could not see over it and was covered with posters so that one could not see through it. There was a door in the partition which was locked, and there was a slit in the partition similar to that in a teller's cage or ticket booth. The police broke down the door in the partition and discovered the defendant coming out of the bathroom with his pants around his knees. They also discovered the following items which were in plain view: $772 in cash, a large number of wax paper packets and glassine envelopes containing a white powder later determined to contain cocaine, mannie (a mixing agent), strainers and a measuring spoon, and a loaded .38 caliber revolver, which was later discovered to be operable *(see, People v Chandler, supra).*

The defendant's basic argument upon appeal, that he was a poolroom customer who just happened to be behind the partition using the bathroom at the time the police entered, is not supported by the record. When the evidence presented at trial is viewed in the light most favorable to the People and given every reasonable inference to be drawn therefrom *(see, People v Giuliano,* 65 NY2d 766, 768), it is sufficient to find the defendant guilty of criminal possession of a controlled substance in the first degree under the "drug factory" presumption of Penal Law § 220.25 (2) *(see, People v Chandler, supra).* However, the People failed to establish that the defendant had actual possession of the weapon discovered by the police or that he possessed it constructively by exercising dominion and control over the weapon *(see,* Penal Law § 10.00 [8]; *People v Chandler, supra; People v Rodriguez,* 104 AD2d 832, 834; *People v Santiago,* 45 AD2d 1041; *People v Torres,* 45 AD2d 1042). Therefore, the defendant's conviction on the weapons charge must be reversed and that count of the indictment dismissed.

We have considered the defendant's other contentions and find them to be without merit. Mollen, P. J., Bracken, Brown and Sullivan, JJ., concur.