OPINION OF THE COURT
Leon A. Beerman, J.
This case presents important questions concerning the ability of a criminal defendant to testify, in the absence of counsel, before the Grand Jury that is considering whether or not to indict him.
Defendant Anthony Lattanzio is charged in the indictment *470 with having committed the crimes of criminal mischief in the third degree, criminal contempt in the second degree and menacing.
He moved this court for an order dismissing the indictment on the ground that he was denied his right to testify before the Grand Jury that indicted him. (See, CPL 190.50 [5] [c]; 210.20 [1] [c]; 210.35 [4].) On December 18, 1986, the court held a hearing on the motion, at which Assistant District Attorney John Castellano testified for the People and defendant testified in his own behalf. Based on the credible testimony, the court makes the following findings of fact and conclusions of law.
FINDINGS OF FACT
On May 8, 1986, defendant was arraigned in Criminal Court on a complaint charging him with the crimes alleged in the instant indictment. Although he was represented by the Legal Aid Society at arraignment, the court found that he was ineligible for continued Legal Aid representation, and ordered him to retain his own attorney.
Assistant District Attorney Castellano was assigned to present the case to a Grand Jury on May 30, 1986. The District Attorney’s file supplied to him indicated that defendant had given notice of his desire to testify (see, CPL 190.50 [5]), and that the District Attorney’s office had sent notice to Legal Aid that the case was to be presented on June 2, 1986. Defendant, however, was never advised by Legal Aid of the presentment date.
On June 2, neither defendant nor any attorney contacted Castellano. The case was presented on that day, and a true bill was voted.
Shortly thereafter, Castellano noticed that, according to his file, it was unclear whether Legal Aid had been ordered to represent defendant for arraignment only or for all purposes. Thus, the true bill was withdrawn, and Castellano hand delivered a notice to Legal Aid, and had a mailgram sent to defendant. Both the notice and the mailgram indicated that the case would be presented to the Grand Jury on June 12.
On June 12, defendant met with Castellano, advising him that he wished to testify before the Grand Jury. Castellano told defendant that his attorney needed to be present for him to testify, and advised him to return on June 18 with an attorney. For the reasons stated in its conclusions of law, *471 infra, the court does not credit defendant’s testimony that (1) at this point, he advised Castellano that he desired to represent himself and that Castellano replied that he could not, and (2) shortly thereafter, defendant’s Legal Aid attorney, a Mr. Brenner, advised him that although Legal Aid could not represent him, he could testify before the Grand Jury without an attorney as long as he told the Assistant District Attorney that he wished to represent himself.
On June 18, Castellano was at the building where defendant had been advised to appear with his attorney. Brenner telephoned Castellano from the District Attorney’s Kew Gardens Grand Jury office. Brenner indicated that defendant was with him, and that it was their desire to have defendant testify, but in front of a different Grand Jury than the one that voted the true bill on June 2.
Thus, the presentment was rescheduled for July 8, and a notice of this was hand delivered to Legal Aid on June 23.
On July 8, the case was on the Criminal Court Calendar. Defendant’s position before Judge Bianchi was that he could not afford to retain an attorney, but not that he desired to proceed without an attorney. Judge Bianchi told defendant to retain his own attorney.
Castellano began the presentment on July 8, and a true bill was voted on July 10. Neither defendant nor an attorney acting on his behalf appeared or contacted Castellano about the case on July 8 or any time thereafter.
CONCLUSIONS OF LAW
Under certain circumstances, a defendant has a right to testify before a Grand Jury considering whether or not to indict him. (CPL 190.50 [5].) Where this right is denied, the indictment, upon proper motion, must be dismissed. (CPL 190.50 [5] [c]; 210.20 [1] [c]; 210.35 [4].) However, it is the defendant’s burden to prove that he was denied his right to testify. (CPL 210.45 [7].)
When the defendant serves written notice on the District Attorney that he wishes to testify before the Grand Jury, then he must be accorded "reasonable time” to testify, be advised of the appointed time and place for the presentment, and be permitted to testify if he appears at that time and place. (CPL 190.50 [5].)
Here, defendant served proper notice. In return, he was given notice of the presentment dates of June 12, June 18, and *472 July 8, all of which dates provided him with "reasonable time” to testify. (People v Ferrara, 99 AD2d 257, 260-261 [2d Dept 1984].)
Although defendant appeared to testify on June 12 and June 18, Assistant District Attorney Castellano did not deprive defendant of his right to testify when he advised him that he could only testify if his attorney appeared with him. Despite the fact that there is no mention in CPL 190.50 of a requirement that a represented defendant must appear with his counsel, such a requirement is obviously the law.
When a defendant exercises his right to testify before a Grand Jury, he is subject to cross-examination by the People. (CPL 190.50 [5] [b].) According to our State Constitution, once the right to counsel attaches, a defendant cannot be questioned by the State unless the defendant waives his right to counsel in the presence of counsel. (People v Settles, 46 NY2d 154, 164-165 [1978].) Thus, where, as here, the right to counsel had attached by the People’s filing a felony complaint in Criminal Court (People v Samuels, 49 NY2d 218, 221-223 [1980]), the defendant cannot exercise his right to testify before the Grand Jury without his attorney’s presence. (People v Knaak, 112 Misc 2d 83, 85-86 [Ontario County Ct 1981].) Accordingly, defendant was not deprived of his right to testify when Castellano told him that he could not do so without the presence of his attorney.
It is true, of course, that a represented defendant can waive his right to counsel and appear pro se. (Faretta v California, 422 US 806, 812-836 [1975].) Serious problems could be raised where a defendant attempts to waive his right to counsel by speaking to the prosecutor or his attorney, but not with the court. (See, People v McIntyre, 36 NY2d 10, 17 [1974] ["the pro se request must be * * * presented to the trial court”].) However, this court need not confront such problems in this case, as defendant has failed to sustain his burden of proving that he attempted to proceed pro se in this case.
The only evidence indicating that defendant asserted to anyone his desire to proceed pro se is defendant’s own testimony that he advised Castellano of this desire and that Brenner told defendant that he could proceed pro se if defendant advised Castellano of his desire to do so. For the following reasons, the court does not credit these portions of defendant’s testimony.
First, Castellano, whom the court found to be a candid and *473 credible witness, did not testify to defendant’s indicating a desire to proceed pro se. Second, if, as defendant testified, Brenner told him between June 12 and June 18 that Legal Aid could not represent him but that defendant could proceed pro se, why did Brenner appear on defendant’s behalf on June 18? Third, why did not defendant, who has the burden of proof on this motion, call Brenner to testify? Fourth, if, as defendant testified, Brenner advised defendant that he could testify pro se merely by so advising the Assistant District Attorney, then Brenner would have rendered improper advice, as defendant could not have waived his right to counsel out of court in the absence of an attorney. (People v Knaak, 112 Misc 2d 83, 85-86, supra; see, People v Settles, 46 NY2d 154, 164-165, supra; People v McIntyre, 36 NY2d 10, 17, supra.) And yet there is no claim here that Brenner rendered ineffective assistance of counsel. (See, People v Lincoln, 80 AD2d 877 [2d Dept 1981].) Indeed, defendant is represented by a Legal Aid attorney on the instant motion. Finally, if defendant was discussing and exercising his right to proceed pro se in June, then why did he not tell Judge Bianchi on July 8 that he desired to so proceed?
Accordingly, the court does not credit defendant’s claims that he advised either Castellano or Brenner of his desire to proceed pro se. Hence, defendant has not sustained his burden of proving that he was denied a reasonable opportunity to testify before the Grand Jury, and, thus, the motion to dismiss the indictment is denied.