■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MCCALL, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Zelman, J.), both rendered January 8, 1986, convicting him of criminal possession of a controlled substance in the fifth degree (two counts) under indictment No. 2174/83, after a nonjury trial, and criminal possession of a controlled substance in the fifth degree under indictment No. 802/84, upon his plea of guilty, and imposing sentences. The appeal brings up for review the denial, after a hearing (Gallagher, J.), of that branch of the defendant's omnibus motion under indictment No. 802/84, which was to suppress physical evidence.

Ordered that the judgments are affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Under indictment No. 2174/83, the defendant contends that

the People failed to prove his guilt beyond a reasonable doubt. Inasmuch as the police did not recover the drugs in question from the defendant's person, it was incumbent upon them to demonstrate that he constructively possessed them. At bar, upon executing a search warrant, the defendant was discovered by the police behind a locked door with no one else on the premises, lying in a prone position behind a bar approximately 40 to 50 feet from the contraband, i.e., 30 glassine envelopes of heroin and 50 tinfoil packets of cocaine, which were located on a table top. Under these circumstances, the trier of fact could reasonably conclude that the defendant was in close proximity to the drugs and that there was sufficient evidence of preparation for the purposes of sale. Thus, the statutory presumption of knowing possession applies to the instant case (see, Penal Law § 220.25 [2]; People v Chandler, 121 AD2d 644, lv denied 68 NY2d 913; People v Hylton, 125 AD2d 409, 410, lv denied 69 NY2d 881). Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention that the court incorrectly denied that branch of his omnibus motion which was to suppress physical evidence under indictment No. 802/84, is without merit. In this regard, the search warrant sufficiently particularized the area to be searched (cf., People v Rainey, 14 NY2d 35; People v Yusko, 45 AD2d 1043).

Further, the police entry into the second floor area was justified by probable cause. Detective Player testified that he heard the sound of footsteps running up the stairs when he smashed through a door to the premises. Player was also aware that the undercover officer had purchased drugs at the location about five minutes earlier. Thus, the officer was faced with a sufficient basis to conduct a further inquiry with respect to the second floor, whether or not he had a search warrant (see, People v Powell, 36 AD2d 177, affd 30 NY2d 634).

Finally, we find no basis to disturb the sentences imposed. Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.