■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER FRAZIER, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Bianchi, J.), both rendered June 24, 1985, convicting him of criminal sale of a controlled substance in the third degree under indictment No. 3500/83 and criminal possession of a controlled substance in the first degree under indictment No. 3501/83, after a nonjury trial, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the trial court incorrectly found that he constructively possessed the narcotics in question. At bar, the defendant was discovered by the police in a room directly adjacent to the room where a quantity of cocaine was found in a brown bag located on the bottom shelf of a table. Inasmuch as the trier of fact could reasonably conclude, under these circumstances, that the brown bag was found in plain view in a room from which the defendant was seen fleeing and where there was evidence of preparation of drugs for sale, the statutory presumption of knowing possession was properly applied (see, Penal Law § 220.25 [2]; People v Chandler, 121 AD2d 644, lv denied 68 NY2d 913; People v Hylton, 125 AD2d 409, lv denied 69 NY2d 881; People v Livingston, 134 Misc 2d 711, 715-716; cf., People v Diaz, 108 Misc 2d 213). Upon the exercise of our factual review power we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Kunzeman, J. P., Eiber, Harwood and Balletta, JJ., concur.