■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Ellis Lenier, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Bianchi, J.), both rendered June 21, 1985, convicting him of criminal sale of a controlled substance in the third degree under indictment No. 3500/83 and criminal possession of a controlled substance in the first degree under indictment No. 3501/83, after a nonjury trial, and imposing sentences. The appeal brings up for review the denial (Cooperman, J.), after a hearing, of that branch of the defendant's motion which was to controvert a search warrant.

Ordered that the judgment is affirmed.

That branch of the defendant's motion which was to controvert the search warrant was properly denied. The defendant failed to show that he had standing to challenge the warrant (see, People v Rodriguez, 69 NY2d 159, 162). In any event, the warrant was valid (see, People v Nieves, 36 NY2d 396; People v Rainey, 14 NY2d 35).

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of both crimes (see, Penal Law § 220.25 [2]; People v Frazier, 138 AD2d 401; People v Chandler, 121 AD2d 644, lv denied 68 NY2d 913; People v Casanova, 117 AD2d 742, lv denied 67 NY2d 940). Moreover, upon the exercise of our factual review power, we find that the verdicts were not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contention is without merit. Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.