■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD SHAKES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered January 20, 1987, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was found standing in or near a room containing approximately 10½ ounces of a substance containing cocaine, at least some of which was in plain view and packaged in vials. Also present in the room were three scales, certain weaponry, a large amount of cash and numerous empty vials.

Under these circumstances, we find the trial court was correct in applying the statutory presumption of possession pursuant to Penal Law § 220.25 (2) as the trier of fact could reasonably conclude that the defendant was in close proximity to the substance found and that there was sufficient evidence to demonstrate that the substance was being packaged for future distribution (see, People v Daniels, 37 NY2d 624; People v Massene, 137 AD2d 624; People v McCall, 137 AD2d 561; People v Chandler, 121 AD2d 644, lv denied 68 NY2d 913; People v Hylton, 125 AD2d 409, lv denied 69 NY2d 881). Applying this presumption, we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find the presumption was not rebutted and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The sentence imposed was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Bracken, Brown and Harwood, JJ., concur.