◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORVILLE JAMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered January 20, 1987, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was found near a room containing approximately 10½ ounces of cocaine, some of which were packaged in vials and in plain view. Also present in the room were

scales, two heat sealers, numerous empty vials and a large amount of cash.

At this nonjury trial, the court found the defendant guilty of criminal possession of a controlled substance in the third degree under the second count of the indictment charging possession with intent to sell (Penal Law § 220.16 [1]), rather than based on the weight of the cocaine which was seized.

The trial court was correct in applying the statutory presumption of possession pursuant to Penal Law § 220.25 (2), as the defendant was in close proximity to the cocaine and there was sufficient evidence that the substance was being packaged for future distribution and sale *(see, People v Daniels,* 37 NY2d 624; *People v Massene,* 137 AD2d 624; *People v McCall,* 137 AD2d 561; *People v Chandler,* 121 AD2d 644; *People v Hylton,* 125 AD2d 409). Applying this presumption of possession, which was not rebutted, we find the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Shakes,* 150 AD2d 401). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contention as to the admissibility of the cocaine and find it to be without merit. Mangano, J. P., Thompson, Sullivan and Balletta, JJ., concur.