■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CLAGGETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 1, 1990, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the first degree beyond a reasonable doubt. The defendant was found standing in close proximity to a table containing approximately four ounces of cocaine, at least some of which was in open view. Also present in the room were aluminum foil, a scale, and a spoon.

When narcotics are found in open view in a room other than a public place, under circumstances evincing an intent to unlawfully mix, package, or otherwise prepare them for sale, every person in close proximity to the narcotics at the time of their discovery is presumed to have knowingly possessed them (see, Penal Law § 220.25 [2]). Although this presumption is

rebuttable, in this case, based upon all the evidence, the jury properly could have drawn the inference of criminal possession from the defendant's presence at the place of discovery (see, People v Daniels, 37 NY2d 624; People v Shakes, 150 AD2d 401; People v McCall, 137 AD2d 561; People v Hylton, 125 AD2d 409).

We have examined the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them either to be unpreserved for appellate review or without merit. Thompson, J. P., Harwood, Balletta and Copertino, JJ., concur.