■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY BYNUM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 2, 1990, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the first degree. The defendant was found standing in close proximity to a table holding approximately 12 ounces of cocaine, at least some of which was in open view, and aluminum foil, a scale, and a spoon. When narcotics are found in open view in a room other

than a public place, under circumstances evincing an intent to unlawfully mix, compound, package, or otherwise prepare them for sale, every person in close proximity to the narcotics at the time of their discovery is presumed to have knowingly possessed them *(see,* Penal Law § 220.25 [2]). Although this presumption is rebuttable, in this case, based upon all the evidence, the jury could have properly drawn the inference of criminal possession from the defendant's presence at the place of discovery *(see, People v Daniels,* 37 NY2d 624; *People v Shakes,* 150 AD2d 401; *People v McCall,* 137 AD2d 561; *People v Hylton,* 125 AD2d 409). Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find that the charge, when read as a whole, adequately instructed the jury as to the People's burden of proof with respect to circumstantial evidence. The trial court instructed the jurors that they were required to find that the inference of guilt was the only inference that could be fairly and reasonably drawn from the facts and that the facts had to exclude every hypothesis but that of guilt *(see, People v Ford,* 66 NY2d 428; *People v Sanchez,* 61 NY2d 1022; *People v Schoenberger,* 151 AD2d 520).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Pizzuto and Santucci, JJ., concur.