THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUFUS LEE FERGUSON, Appellant.— Judgment of the Supreme Court, Queens County, rendered September 13, 1971, affirmed. Although we believe the prosecutor acted improperly in answering an alleged attack upon his integrity during summation, and that some of the statements of the Trial Justice in answer to objections and a request could well have been tempered, we do not deem the remarks to have been prejudicial upon this record. Rabin, P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MICHAEL HANDFORD, Respondent.— Appeal by the People from a trial order of dismissal (CPL 290.10) of the Supreme Court, Kings County, entered December 8, 1971, which, as to respondent, and predicated upon the People's opening address to the jury, dismissed the indictment charging him with possession of a dangerous drug in the fourth degree and possession of a hypodermic instrument. Order reversed, on the law, motion to dismiss denied and indictment reinstated as against respondent. The District Attorney's opening address indicated that the People intended to offer sufficient evidence to establish a prima facie case against respondent. The People's allegation that respondent was found with two other defendants seated around a bed containing heroin and a hypodemic instrument presented a question of fact for the jury as to whether he had constructive joint dominion and control over the contraband. Although the two others were fugitives from justice at the time of the trial and their trial was severed from respondent's, it was error for the trial court to hold as a matter of law that the circumstantial evidence must point *only* to respondent's possession and be inconsistent with possession of the contraband by these other two defendants. Respondent's possession of the contraband may be proved by circumstantial evidence (*People* v. *Gogarty*, 5 A D 2d 413). Here there is a question whether common human experience would lead a reasonable man to accept or reject the inference of respondent's dominion and control over the contraband (*Peole* v. *Wachowicz*, 22 N Y 2d 369). Hopkins, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.