■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VICTOR TORRES, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 19, 1973, convicting him of criminal possession of a dangerous drug in the fourth degree and criminal possession of a dangerous drug in the sixth degree, upon a jury verdict, and sentencing him to an indeterminate prison term not to exceed five years on the fourth degree conviction and to a conditional discharge on the sixth degree conviction. Judgment reversed, on the law, and indictment dismissed. The People's case centered on the testimony of Patrolman Paul Idlett. He testified that at approximately 4:20 P.M. on April 26, 1971 as a result of a radio run, he and his partner proceeded to 477 Van Buren Street, Brooklyn, a four-story multiple dwelling. In said building there were about four apartments on each floor' and there were more apartments on the first floor. Patrolman Idlett walked up the stairs of said building and arrived at the top floor and observed appellant and two other males. There were approximately six steps leading from the top floor of the building to the roof. Appellant was seated on the third or fourth step from the top and he was facing down toward Patrolman Idlett. Another defendant Rafael Ortiz was seated one step above or below appellant and they were engaged in conversation. Officer Idlett testified: " Q. Now, when you approached the defendant, what, if anything, was Mr. Torres doing? A. Sitting on the steps. Q. Did he make a motion for anything? A. No. Q. He was calmly sitting there; correct? A. He and the other man were talking. Q. He was talking to the man on the steps? A. Right." Idlett further testified that Edwin Ortiz, a third defendant, was stooped down at the beginning of the steps about two or three feet from where appellant was seated and he was facing appellant and Rafael. Edwin Ortiz was observed by Patrolman Idlett to be holding a knife in his hand and he was in the process of " cutting " up what the officer believed to be (and was in fact) heroin; that is Edwin was

taking parts of that heroin and placing it into tin foils. Between Edwin Ortiz and appellant were a record album cover, a white powder substance believed by the police officer to be heroin, a strainer, eight aluminum envelopes which the police officer later found to contain heroin, empty tin foils and a tin foil packet containing a methadone tablet. Appellant was three or four feet from the afore-mentioned items. Patrolman Idlett upon seeing contraband, placed defendants under arrest. On cross-examination Patrolman Idlett testified that appellant was not seen holding anything. The contraband was in front of Edwin Ortiz and it was on the same landing as was Edwin Ortiz. Appellant was approximately three to four feet from the landing where the Police Officer observed Edwin Ortiz cutting heroin. Appellant could not reach over and pick up the contraband; he would have to get up and come down a couple of steps in order to do so. Patrolman Idlett did not see appellant in possession of a knife, strainer or the white plastic bag. After arresting appellant the police officer searched appellant but did not find anything in his possession. Subdivision 8 of section 10.00 of the Penal Law states: "'Possess' means to have physical possession or otherwise to exercise dominion or control over tangible property." Since criminal possession — constructive or otherwise — was not established, the evidence was insufficient, as a matter of law, to sustain the possession convictions (*People* v. *Martin*, 32 N Y 2d 123; *People* v. *Jefferson*, 43 A D 2d 112). The trial court also committed reversible error in refusing the appellant's request to charge, as a lesser included offense, loitering for the purpose of unlawfully using or possessing a dangerous drug (see Penal Law, § 240.36; CPL 300.50). That issue, however, is academic in view of the fact that defendant has been incarcerated and the maximum sentence for that non-charged crime (a Class B misdemeanor) has expired. Gulotta, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.