■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN SANABRIA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 4, 1978, convicting her of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. A sale of more than one ounce of heroin to an undercover police officer gave rise to the charge on which the defendant was convicted. The sale occurred ·in the kitchen of defendant's apartment, and it is this fact upon which the prosecution principally relied to establish defendant's possession of the narcotics. The record discloses that defendant was helpful to the undercover officer in making arrangements leading to the sale. On the day in question, after she admitted the undercover officer and his partner to her apartment and guided them to the kitchen where two codefendants were present, the

defendant proceeded to prepare coffee, standing several feet away from the others. According to the testimony of one of the officers, a plastic bag containing the narcotics was produced by a codefendant from his jacket pocket, it was handed to the officers, who examined it and placed it on the kitchen table. The defendant did not have actual possession of the narcotics at any time. No evidence was presented that the narcotics had been stored or otherwise located in her apartment. After consummating the sale, an officer handed $100 to the defendant and thanked her, in his words, "for arranging the sale". The record is barren of any evidence tending to establish that the defendant exercised, or that she could have exercised, any dominion or control over the narcotics in any manner, notwithstanding the fact that the transaction took place in her apartment. That she was present, and that she accepted the officer's $100 gratuity are insufficient, in light of all of the evidence, to support defendant's conviction of possessing the narcotics with the intent to sell them. We find that although the sale occurred in defendant's apartment, she did not and could not have exercised that dominion and control over the narcotics necessary to establish a constructive possession, and, therefore, her conviction must be reversed (see *People v Torres,* 45 AD2d 1042; *People v Schriber,* 34 AD2d 852). As defendant was acquitted of the other charges submitted to the jury, including criminal facilitation, the indictment must be dismissed. Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.