■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RODRIGUEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Mayer, J.), rendered August 12, 1982, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of defendant's pretrial motion which sought suppression of certain physical evidence (Groh, J.).

Judgment modified, on the law, by reversing defendant's conviction of criminal possession of a controlled substance in the first degree, the sentence imposed thereon is vacated, and that

count of the indictment is dismissed. As so modified, judgment affirmed.

The defendant was indicted for criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree (three counts, two of which were later dismissed) stemming from the discovery on November 25, 1980 of over two pounds of cocaine and a gun in a room he occupied with three others at the Travelers Hotel in Queens. That night, at approximately 10:55 P.M., New York City Police Officers Thomas Gaffney and Anthony Averso received a report from the Gonzalez children that their mother, Esther Gonzalez, was missing. The children led the officers to their mother's friend, Vidalia Matos, who informed them that Ms. Gonzalez was in room 333 at the Travelers Hotel. When the officers arrived at the hotel they were approached by the hotel detective, Gerard Aruta. Aruta inquired as to the reason for their visit and then decided to accompany them upstairs upon learning from the night desk clerk that the occupants of room 333 had registered only for the previous night and, therefore, should have checked out at noon.

Ms. Gonzalez herself answered the door and stepped out into the hallway. While Officer Averso was questioning her, Aruta knocked on the door, identified himself as the hotel detective and entered the room, leaving the door open behind him. Aruta told the two men inside, the defendant and Enrique Pardo, that they owed the hotel money. He next walked over to the window to air out the room and saw a black plastic bag behind the curtain on the window sill. Stating that no food was allowed in the room, Aruta then threw the black bag onto a nearby bed, whereupon two plastic bags filled with a white powdered substance spilled out. Upon observing the plastic bags, which contained cocaine, from his location outside the doorway, Officer Gaffney entered the room and ordered the defendant and Pardo to freeze. In addition to the cocaine, the police officers seized a gun that was laying on a chair in the room. They also recovered approximately $512 from the defendant's person.

On this appeal, defendant maintains, *inter alia,* that the cocaine and gun should have been suppressed as the fruit of an illegal search. We disagree. The record contains no evidence to support defendant's contention that the hotel detective acted as the police officers' agent in searching the hotel room. Indeed, it was uncontroverted that the rental period for the room had expired by the time the search was made. Once the rental period expired, the defendant lost any reasonable expectation of privacy he had in the room and the property it contained and the

hotel detective had the right to reassert control over the room as he did (see *People v Lerhinan,* 90 AD2d 74).

We agree, however, with defendant's position that there was insufficient evidence, as a matter of law, to sustain his conviction of criminal possession of a controlled substance. The prosecution sought to establish defendant's possession of the cocaine through the testimony of Vidalia Matos. Matos testified that defendant, Pardo, Gonzalez and she went out on a date on November 24, 1980 and ended up at the Travelers Hotel where they spent the night "partying". At one point in the evening, Pardo left the room and returned with the black bag, later found to contain cocaine, which he stowed underneath his bed. The black bag remained underneath Pardo's bed the entire night, with the exception of a few minutes when Pardo took it out, removed one of the two plastic bags of cocaine, and smelled it. Matos further testified that Pardo and the defendant conversed briefly in a Colombian dialect which she could not understand and that Pardo passed the plastic bag to the defendant who smelled it before handing it back to Pardo. She was impeached on this point, however, by her Grand Jury testimony where she made no mention that Pardo passed the bag.

The above evidence fails to establish beyond a reasonable doubt that defendant physically possessed the cocaine. It is also insufficient to establish constructive possession inasmuch as there is no indication that defendant exercised, or that he could have exercised, any dominion or control over the cocaine in any manner, notwithstanding the fact that he was present in the hotel room (see *People v Sanabria,* 73 AD2d 696; *People v Torres,* 45 AD2d 1042; Penal Law, § 10.00, subd 8). That defendant spoke with Pardo in a Colombian dialect is not indicative of his guilt or innocence. Finally, the fact that defendant possessed $512 is not enough, in itself, to sustain the conviction.

We also find that the court committed reversible error by charging, over the defendant's objection, the presumption of knowing possession contained in subdivision 2 of section 220.25 of the Penal Law, to wit: "The presence of a narcotic drug, narcotic preparation, marihuana or undiluted phencyclidine in open view in a room, other than a public place, under circumstances evincing an intent to unlawfully mix, compound, package or otherwise prepare for sale such controlled substance is presumptive evidence of knowing possession thereof by each and every person in close proximity to such controlled substance at the time such controlled substance was found".

The cocaine was not in open view when it was discovered, but in an opaque bag behind a curtain on a window sill (see *People v*

*Diaz,* 108 Misc 2d 213). Moreover, the record is devoid of evidence tending to establish an intent to unlawfully mix or otherwise prepare the cocaine for sale. There was, accordingly, no basis for charging the above presumption.

We have considered defendant's remaining contention and find it to be without merit. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.