■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELISHA HOLMES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered April 14, 1982, convicting him of criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant raises three points on this appeal: first, that there was insufficient evidence to support his conviction of criminal possession of a controlled substance in the fourth degree; second, that the sentence imposed was unduly harsh; and third, that the verdicts rendered were repugnant to the verdicts finding defendant not guilty of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

The evidence at trial reveals that, on June 16, 1980, an undercover police officer, after a series of conversations with "J. D. Zeke", was introduced by Zeke to defendant at a social club. After moving to another portion of the club, the officer observed Zeke and defendant in conversation, after which the officer was told by Zeke to return to the bar. Minutes later, Zeke

returned to the bar, and told the officer that the "package" wasn't ready yet. Zeke returned a second, and then a third time and then signaled to the officer, who was still waiting at the bar, to follow him through a passageway into another room with a pool table. There, defendant was standing next to the pool table. On the pool table were 10 glassine envelopes containing what was later determined to be heroin. No issue is raised as to the quantity of heroin which was contained in the envelopes. The officer questioned the quality of the drugs, whereupon both Zeke and defendant snorted some. Defendant, after sampling the drug, stated "It's on the money". The officer paid Zeke $500 and then left the premises with the drugs, accompanied by Zeke.

The foregoing facts presented a jury question as to whether defendant, in addition to actually possessing that small quantity of contraband which he sampled, had constructive joint dominion and control with Zeke over the 10 glassine envelopes (see *People v Handford,* 40 AD2d 529). The jury's conclusion that defendant had joint dominion and control over the contraband (*People v Handford, supra*), cannot be said to be against the weight of the evidence. In this case, defendant was not merely present at the scene of the drug sale (cf. *People v Sanabria,* 73 AD2d 696; *People v Torres,* 45 AD2d 1042) but vouched for the quality of the drug sold, leading to the strong inference that he had some interest in the transaction and some dominion over the contraband.

Defendant's claim regarding the repugnancy of the verdicts, in addition to lacking substance, was unpreserved for review due to the failure to raise the issue prior to the discharge of the jury (*People v Satloff,* 56 NY2d 745, 746; *People v Figueroa,* 96 AD2d 515).

Finally, under the circumstances here present, the sentence imposed was not excessive. Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.