■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDICY REEDY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered June 1, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in denying his request to charge the jury as to identification. We note that the trial court did not err in refusing to so charge as the defendant was apprehended "red handed" and there was no issue presented as to identification (cf. People v Whalen, 59 NY2d 273, 279; People v Smith, 100 AD2d 857, 858, lv denied 62 NY2d 810). Moreover, even if we were to accept the defendant's argument, reversal would not be warranted in light of the overwhelming proof of the defendant's guilt.

We have considered the defendant's remaining contentions, including those contained in his supplemental pro se brief, and find them to be without merit. Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMANDA REYES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered January 17, 1985, convicting her of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed and the case is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The only evidence adduced at trial with respect to the defendant's possession of cocaine was her presence in the apartment where the narcotics were found. This evidence was not sufficient to establish that the defendant exercised the dominion and control over the cocaine necessary to establish constructive possession (see, People v Ortiz, 126 AD2d 677 [decided herewith]; People v Rodriguez, 104 AD2d 832; People v Sanabria, 73 AD2d 696; Penal Law § 10.00 [8]). Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.