■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH DAWKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered January 9, 1987, convicting her of criminal possession of a controlled substance in the third degree and criminal possession of marihuana in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by reversing the conviction of criminal possession of marihuana in the fifth degree, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed and the case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The testimony elicited at trial revealed that, upon the execution of a search warrant, the defendant was found standing in the kitchen of the subject premises with a bag containing 17 vials of cocaine between her feet. A search of the apartment resulted in the discovery, *inter alia,* of 41 bags of marihuana in the living room. The People did not offer any proof that the defendant owned, rented, frequently visited, or had keys or other means of access to the premises where the drugs were found.

Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the third degree. Other than the police, the defen-

dant was the only person present in the apartment. Given the location of the cocaine at her feet, the jury could reasonably have found it to have been within her dominion and control (see, Penal Law § 10.00 [8]). Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt of that crime beyond a reasonable doubt and that the verdict in that respect was not against the weight of the evidence (see, CPL 470.15 [5]).

However, the defendant's mere presence in the apartment where the marihuana was found was not sufficient, in and of itself, to establish that she exercised the necessary dominion or control to warrant a finding of constructive possession of the marihuana. Absent proof that the defendant resided in the apartment, frequented it on a regular basis or otherwise exercised dominion or control over the area where the marihuana was found, the People failed to prove defendant's guilt of criminal possession of marihuana in the fifth degree beyond a reasonable doubt (see, People v Watson, 56 NY2d 632; People v Robertson, 48 NY2d 993; People v Ortiz, 126 AD2d 677, lv denied 70 NY2d 652; People v Holmes, 104 AD2d 1049; People v Gaddy, 94 AD2d 892; People v Torres, 45 AD2d 1042; Penal Law § 10.00 [8]). Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.