■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES TEJEDA, Appellant. Memorandum: We find the evidence legally sufficient to support defendant's conviction for criminal possession of a controlled substance in the third degree. In reviewing evidence for its sufficiency, we are obligated to consider the proof in the light most favorable to the People, to assume that the jury credited the prosecution witnesses, and to give it the benefit of every reasonable inference to be drawn therefrom *(People v Way,* 59 NY2d 361, 365; *People v Benzinger,* 36 NY2d 29, 32). So viewed, the evidence reveals that some three hours after defendant Tejeda and his codefendant Torres had been searched at Tejeda's residence, Torres accompanied defendant to the apartment of Tejeda's friend, Felicia Mortuiccio. At the time, Mortuiccio did not know Torres, but had known Tejeda for about a year. Neither Torres nor Tejeda had been invited to Mortuiccio's apartment, and the visit was unexpected. Upon the arrival of the two visitors, Torres placed a blue bag on a coffee table in the living room and minutes later, Mortuiccio observed a white powdery substance under some plastic inside the bag. She called defendant's wife to find out what was going on, and the wife told her to leave and come to the Tejeda residence. Mortuiccio did so and while at the Tejeda residence, was told that the substance was cocaine. The police were called, and Mortuiccio signed a written consent for a search of her apartment. When police officers entered the apartment, they found a small residue of cocaine on a dish on the living room coffee table, a plastic bag containing cocaine in the drawer of an end table in the living room, and more bags of cocaine in a bag of rice in the refrigerator. Both Torres and Tejeda were walking from the living room towards

the door of the apartment at the time of police entry. Mortuiccio testified that prior to the arrival of Tejeda and Torres, there was no dish on the coffee table, no rice on the floor and furniture in various rooms of the apartment, and no cocaine in the apartment. These circumstances support the inference that it was Tejeda who procured a safe place to divide, package and store the cocaine; that in the absence of Mortuiccio, defendant had dominion and control over her apartment; and that he aided in the commission of criminal possession of a controlled substance. His conduct went far beyond mere presence (see, People v Torres, 68 NY2d 677).

We also find that the court did not abuse its discretion by permitting Tejeda's wife to testify without inquiring further as to her competency. No medical evidence was presented on the issue, and the court had the opportunity to observe the witness while she was present during the trial. Under all of the circumstances, we cannot conclude that the court's action amounted to a clear abuse of discretion (People v Parks, 41 NY2d 36, 45-46). Defendant's remaining claims of error lack merit (see, People v Torres, 134 AD2d 902).

All concur, except Green, J., who dissents and votes to reverse and dismiss the indictment, in the following memorandum.

Green, J. (dissenting). Respectfully, I must dissent because the evidence was not legally sufficient to support defendant's conviction for criminal possession of a controlled substance in the third degree. The prosecution theory was based upon defendant's constructive possession of cocaine found, pursuant to a consent search, in the closed drawer of an end table in an apartment leased to an acquaintance of the defendant. There was no testimony that defendant actually possessed either the contraband seized or a bag containing a white powdery substance which the codefendant carried into the apartment. Thus, it was incumbent upon the People to establish that defendant exercised dominion and control over the contraband or over the apartment or the area in which the contraband was found (see, Penal Law § 10.00 [8]; People v Watson, 56 NY2d 632; People v Simon, 107 AD2d 196, 197).

Defendant, however, was only an occasional visitor to the apartment and had no proprietary interest in it (cf., People v Cicero, 106 AD2d 901, appeal dismissed and cert denied 472 US 1003). The inferences drawn by the majority to support defendant's guilt are unjustified and do not exclude to a moral certainty every conclusion other than defendant's guilt which

is required when as here, the People's evidence is wholly circumstantial *(see, People v Kennedy,* 47 NY2d 196, 202). The fact that defendant accompanied the codefendant to the apartment is not indicative of defendant's guilt *(see, People v Ortiz,* 126 AD2d 677). Essentially then, the People's case of defendant's constructive possession was based on nothing more than defendant's presence in the apartment where the cocaine was found. This is legally insufficient to establish that defendant exercised dominion and control over the cocaine *(see, People v Reyes,* 126 AD2d 681; *People v Rodriguez,* 104 AD2d 832). Mere presence at the scene of a crime, even with knowledge of its perpetration, does not render the observer accessorially liable *(see, People v La Belle,* 18 NY2d 405, 412; *People v Reyes,* 82 AD2d 925, 926).

Moreover, even if the evidence of defendant's guilt of criminal possession was established, it clearly was not so overwhelming to render harmless the error of improper bolstering found in the appeal of the codefendant and similarly present here *(see, People v Torres,* 134 AD2d 902). Accordingly, the judgment should be reversed and the indictment dismissed. (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—criminal possession of controlled substance, third degree.) Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.