■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNY JAMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered April 22, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly permitted the victim to explain on redirect examination that he intended to give his mother the $300 he was carrying in his wallet at the time of the incident, since defense counsel opened the door on cross-examination to the line of questioning that elicited this information *(see, People v Melendez,* 55 NY2d 445; *People v Torre,* 42 NY2d 1036; *People v Merlino,* 145 AD2d 654).

Also unavailing is the defendant's claim that the prosecutor

erred in attempting to impeach his credibility on cross-examination by referring to a receipt issued by the Department of Correction which inaccurately reflected that he had tendered a wallet when taken into custody. The prosecutor justifiably relied on the accuracy of the receipt, and there is no proof that she did so in other than good faith (see, People v Alamo, 23 NY2d 630; People v Kass, 25 NY2d 123; People v Swinson, 111 AD2d 275, 277). Moreover, any prejudice to the defendant was minimal as the prosecutor discontinued all questions related to the receipt when the defendant adhered to his position that he had not tendered a wallet to the correction authorities.

With regard to the assertions of prosecutorial misconduct during the People's summation, some remarks were not objected to, and thus, the claims of error with respect thereto are not preserved for appellate review as a matter of law (CPL 470.05 [2]; People v Thomas, 50 NY2d 467; People v Udzinski, 146 AD2d 245, 248-252). Other remarks either constituted fair comment on the evidence (see, People v Marks, 6 NY2d 67, 77), or any prejudice engendered thereby was dispelled by the court's prompt curative instructions (People v Wood, 66 NY2d 374, 380; People v Ashwal, 39 NY2d 105, 111). In addition, while we find that the prosecutor improperly vouched for the victim's credibility, and that the court erred in failing to sustain defense counsel's timely objection, the error was harmless in view of the overwhelming evidence of the defendant's guilt (People v Morgan, 66 NY2d 255, 259; People v Crimmins, 36 NY2d 230, 241-242).

We find that the court did not err in declining to deliver an identification charge. The defendant was arrested at the scene of the crime, with the $5 bill he had allegedly stolen from the victim in his pocket, immediately after he was identified by the victim who had flagged down a passing police car while he was still struggling with the defendant (see, People v Reedy, 126 AD2d 681). In addition, the court did extensively admonish the jurors regarding issues of credibility, the presumption of innocence accorded the defendant, and the People's unshifting burden of proving the defendant's guilt beyond a reasonable doubt (see, People v Grant, 132 AD2d 619).

Finally, inasmuch as the court, without using coercive language, instructed the jurors to independently assess the evidence, its suggestion that the jurors "pul[l] together * * * to achieve a just result" and other statements to that effect did not deny the defendant a fair trial (see, People v Ali, 47

NY2d 920; *People v Innocent,* 150 AD2d 608). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.