Titone, J.
(dissenting in part). While I agree with the majority that a new trial should be ordered as to those charges stemming from the November 27th drug transaction, I would dismiss those counts of the indictment charging defendant with constructive possession of the drugs found on December 7, as, in my view, the People have failed to introduce sufficient evidence that defendant knowingly exercised dominion and control over those drugs.
The drugs in question were primarily found in an enclosed area underneath a stairway upon which defendant stood when the police executed a search warrant that they had obtained for the premises. Drugs were also found inside a black bag which was being held by a man standing next to defendant on the stairway. At defendant’s trial, no evidence was introduced that he owned, rented, or frequently visited the premises, or for that matter, had ever been on the premises other than on two occasions (see, People v Dawkins, 136 AD2d 726, 727). Nor was there any evidence that defendant had ever actually been in possession of the black bag or its contents. Instead, the jury was left to infer defendant’s constructive possession of the drugs in question from essentially the following facts: defendant’s presence on the premises at the time the search warrant was executed;* his having pointed a gun at one of the officers who executed the warrant; his having 10 days earlier "steered” an undercover officer to the premises to purchase drugs; and his having, on this latter occasion, warned those inside the premises that police were in the vicinity. While these facts certainly indicate that illegal activities were engaged in, I cannot concur in the majority’s conclusion that they, even when viewed in a light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), constituted a sufficient basis from which the jury could rationally find defendant guilty of constructively possessing all the drugs found on the premises on December 7.
Proof that premises have been used for drug dealings has never been held to be sufficient to support a drug possession conviction of those merely present on the premises at the time drugs are found by police (see, People v Headley, 74 NY2d 858; People v Dawkins, supra). That there may also be evidence, as *603 there is here, that such person had on a single earlier occasion steered someone to the premises to purchase drugs and warned those inside that the police were in the area, in my view, should not permit for a different result (cf., People v Sanabria, 73 AD2d 696). Such proof does not provide the necessary link between the person and the particular drugs which are later found on the premises, and thus leaves the jury to impermissibly speculate as to whether the person knowingly exercised dominion and control over those drugs.
Accordingly, I respectfully dissent from that part of the majority opinion which orders that defendant be given a new trial as to those counts of the indictment which charged him with criminal possession of the drugs found on December 7, as I would dismiss those counts of the indictment.
Chief Judge Wachtler and Judges Simons, Kaye and Hancock, Jr., concur with Judge Bellacosa; Judge Titone dissents in part in a separate opinion in which Judge Alexander concurs.
Order reversed, etc.

 The majority’s assertion that the evidence indicates defendant played a role in the December 7th "drug transaction” (majority opn, at 601) is misleading, as the record is absolutely bereft of any evidence that defendant participated in any illicit drug sale occurring on that date.