■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PLOWER, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered November 9, 1987, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to an indeterminate term of imprisonment of seventeen years to life, to run concurrently with a sentence imposed under Indictment No. 4897/85, unanimously affirmed.

Officers conducting a "vertical patrol" of 55 West 129th Street chanced upon co-defendant Deas, who was carrying a clear plastic sandwich bag containing crack vials. The officers followed Deas, who fled inside apartment 28A. Several hundred vials, a large brick of cocaine, and a variety of drug paraphernalia were on top of a table, at which defendant and two others were seated. The defendant was seated near a growling pitbull, which the officers ordered him to restrain. After defendant took the dog to a bedroom, a loaded gun was

thrown from the bedroom into the apartment hallway. A machine gun and other weapons were later discovered together with $14,000, a cache of ammunition, beepers, bulletproof vests, and other drug paraphernalia.

Defendant's argument that the verdict finding him guilty is not supported by the evidence has no merit. The evidence, to which the drug factory presumption applies (Penal Law § 220.25 [2]), showed that the officers burst in on defendant and his accomplices as they sat around a table filled with cocaine and drug paraphernalia that were arrayed in a fashion bearing all the hallmarks of a drug packaging operation. Defendant was "in close proximity" to the cocaine when it was found, and the cocaine was present in a quantity far greater than that which could be reasonably associated with personal use. Accordingly, the inference of defendant's guilt was irresistible. *(People v Tirado,* 38 NY2d 955.)

The verdict was not inconsistent with defendant's acquittal on the charges based on the weapons found in the apartment. Significantly, the court told the jury that the drug factory presumption did not apply to the other charges. *(People v Hylton,* 125 AD2d 409, *lv denied* 69 NY2d 881.)

Defendant's argument on appeal that the officers acted without probable cause and that entry into the apartment was not supported by exigent circumstances has not been preserved. In any event, the officers were authorized to enter the apartment based on their observations of Deas. *(People v Bradley,* 167 AD2d 249, *lv denied* 77 NY2d 836.) Defendant's challenge to the seizure of the additional guns found in the closet fails both because defendant did not demonstrate at the hearing that he had an expectation of privacy in the second bedroom, and because, as the hearing court found, the officers' search of the apartment was reasonably related in scope to the circumstances that the officers found. *(People v Febus,* 157 AD2d 380, *appeal dismissed* 77 NY2d 835.) Even after the persons that the officers immediately had seen had been taken into custody, the circumstances were fraught with danger.

Moreover, since defendant was acquitted of the charges based upon the seizure of the weapons, admission of the weapons into evidence could not have prejudiced defendant.

Defendant did not establish that he was prejudiced by the belated receipt of the chemist's analysis of the cocaine. When the matter was raised at trial, defense counsel first asked for unspecified relief under *Rosario* and its progeny, but then said that he could examine the chemist. Counsel also turned down

the court's offer to excuse the jury. *(People v Martinez,* 71 NY2d 937, 940.)

Defendant's claim that the court's charge on the presumption of possession of the cocaine shifted the burden of proof has not been preserved. *(People v Santiago,* 52 NY2d 865.) Were we to consider it in the interest of justice, we would find it meritless. Concur—Murphy, P. J., Sullivan, Kassal and Smith, JJ.