■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered August 21, 1989, convicting him of robbery in the second degree (two counts), and criminal possession of stolen property in the fourth degree, upon a jury verdict, and sentencing him to indeterminate terms of 20 years to life imprisonment for each count of robbery in the second degree and 2

to 4 years imprisonment for criminal possession of stolen property in the fourth degree, all terms to run concurrently.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed on the two counts of robbery in the second degree; as so modified, the judgment is affirmed and the matter is remitted to the Supreme Court, Kings County, for resentencing on those counts in accordance herewith.

The record demonstrates that the defendant and two accomplices accosted the complainant at gunpoint, forced him into his automobile, and then stole his money and his vehicle. After being forced out of the car, the complainant flagged down the police, who followed the vehicle. After a brief chase during which the police never lost sight of the vehicle, the defendant and his accomplices pulled over and attempted to flee the complainant's car. The police immediately apprehended them.

Contrary to the defendant's contention, the trial court's refusal to give an identification charge under the circumstances of this case did not deprive him of a fair trial. The testimony established that the defendant and his accomplices were caught "red-handed" fleeing from the complainant's car. Accordingly, an identification charge was not necessary (see, People v James, 162 AD2d 618; People v Reedy, 126 AD2d 681).

Viewing the evidence in the light most favorable to the prosecution (People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

However, we conclude that the defendant's sentences of concurrent indeterminate terms of 20 years to life imprisonment for his convictions of robbery in the second degree cannot stand. While the transcript of the sentencing proceedings demonstrates that the People filed a persistent felony offender statement pursuant to CPL 400.20 and Penal Law § 70.10, it is now contended that the defendant was actually sentenced as a persistent *violent* felony offender under CPL 400.16 and Penal Law § 70.08. Inasmuch as the procedures and requirements found in CPL 400.20 and Penal Law § 70.10 were not followed in this case (see, e.g., People v Montes, 118 AD2d 812) and it is unclear whether the defendant was a persistent felony offender or a persistent *violent* felony of-

fender, we must vacate the sentences imposed on the robbery convictions and remit the matter for resentencing with respect to those counts pursuant to the appropriate statute. Kunzeman, J. P., Sullivan, Lawrence and Balletta, JJ., concur.