■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BORELLI, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Broomer, J.), rendered October 26, 1987, convicting him of burglary in the first degree (under Indictment No. 5104/86), upon a jury verdict, and imposing sentence, and (2) from two amended judgments of the same court (Corriero, J.), both rendered November 4, 1987, revoking sentences of probation previously imposed by the same court upon a finding that he had violated conditions thereof, upon his pleas of guilty, and imposing sentences of imprisonment upon his previous convictions of

burglary in the third degree (two counts, one each as to Indictment Nos. 4372/85 and 8031/85).

Ordered that the judgment and amended judgments are affirmed.

The record establishes that, with regard to Indictment No. 5104/86, the defendant struck the complainant with a pair of bolt cutters after the complainant confronted him during the course of a burglary of the complainant's apartment. The defendant then ran out of the apartment, got into his car, and drove off. The complainant, joined by his brother and friend, chased the defendant's yellow Lincoln in his car. About 10 to 15 blocks later, during which the complainant never lost sight of the defendant's car, the defendant was finally pulled over. At that point, the complainant apprehended the defendant and held him until the police arrived.

Contrary to the defendant's contention, the court's refusal to charge identification in the present case does not constitute error. The trial testimony established that the defendant was caught "red handed"; thus an identification charge was not necessary (see, People v Smith, 177 AD2d 671; People v Johnson, 177 AD2d 652; People v James, 162 AD2d 618).

Moreover, the court correctly refused defense counsel's request for a missing witness charge with respect to the complainant's brother, since there was no showing that the witness could give material testimony (see, People v Dianda, 70 NY2d 894, 896; People v Gonzalez, 68 NY2d 424; People v Morris, 159 AD2d 934; cf., People v Erts, 73 NY2d 872).

Finally, the sentence imposed was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80). Sullivan, J. P., Harwood, Ritter and Copertino, JJ., concur.