■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUHAMMED COOPER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered April 6, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a controlled substance in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's conviction arose out of a so-called "buy and bust" operation conducted at 35 Malcolm X Boulevard, an abandoned building in Brooklyn. Prior to the transaction, the prerecorded money used to purchase the drugs was sprayed with a fluorescent tracing powder which, although invisible to the naked eye, would show up under an ultraviolet light on the hands of anyone who had handled the money. In addition, the signature of the Secretary of the Treasury had been underlined on each bill. Armed with this money, an undercover officer entered the building through the front door and knocked on a second door. Without opening the door, a man

asked her what she wanted. She said "let me get two", meaning two vials of crack cocaine, and slid a fluorescent-powdered $10 bill under the door. While she was waiting for the drugs, she heard a man and a woman talking on the other side of the door. She also heard someone go upstairs and come back down. Then someone slid two vials of crack cocaine with orange tops under the door to her. She took them, went back to her car, and radioed her back-up team.

While the other members of the back-up team were breaking into the building and arresting the codefendants, Officer Carter ran to the back of 35 Malcolm X Boulevard. There he observed the defendant, who was wearing a blue jacket, on the fire escape. Carter ran back to the front of the building and called to the other members of the back-up team. Officer Teatum ran outside and followed Officer Carter. At the end of the block, Officer Carter observed the defendant jump from a second-floor ledge to the ground. Officers Carter and Teatum then chased the defendant into a McDonald's parking lot. Just before he was apprehended, the defendant threw something onto the ground. It was $45. One of the bills, a $10 bill, had a line underneath the signature of the Secretary of the Treasury.

The defendant was arrested and brought back to 35 Malcolm X Boulevard. There Officer Teatum examined his hands under an ultraviolet light and determined that he had fluorescent powder on them. Numerous vials of crack cocaine were found on the staircase leading from the first to the second floors of 35 Malcolm X Boulevard.

Since the defendant was not in actual possession of the crack cocaine found in the building, the People had to prove beyond a reasonable doubt that he was in constructive possession of it. The evidence fails to establish that the defendant exercised dominion and control over the area where the drugs were found (see, People v Ortiz, 126 AD2d 677, 678; People v Reyes, 126 AD2d 681; Penal Law § 10.00 [8]). The defendant was first seen by the police on the fire escape leading from the second floor. He was not apprehended inside of the building, but, rather, fleeing from the scene. Although the evidence established that the defendant had handled the purchase money, that evidence is relevant with regard to the sale count and not the possession count (see, People v Davis, 153 AD2d 949, 950-951). In short, there is simply no evidence linking the defendant to the vials of crack cocaine that were found on the staircase between the first and second floors. Although the defendant's presence on the staircase, at some point, may

reasonably be inferred, his presence on the staircase alone would be insufficient to establish beyond a reasonable doubt his constructive possession of the drugs that were found there *(see, People v Davis, supra; People v Ortiz, supra; People v Reyes, supra; see generally, People v Manini,* 79 NY2d 561). Therefore, the defendant's conviction of criminal possession of a controlled substance in the third degree must be reversed and that count of the indictment dismissed.

We further note that nothing in the record casts doubt upon the conclusion of two examining physicians that the defendant was competent to stand trial *(see, People v Bronson,* 115 AD2d 484, 485; *see also, People v Paxhia,* 140 AD2d 962). Bracken, J. P., Lawrence, Ritter and Copertino, JJ., concur.