■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE MARTINEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered April 9, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On September 20, 1988, inside apartment 7B of 148-28 88th Avenue in Queens, an undercover police officer purchased 1/8 ounce of cocaine from the defendant and another individual. On September 29, 1988, at the same address, the defendant and another individual again sold the undercover officer 1/8 ounce of cocaine. Immediately after this sale, the police, armed with a no-knock warrant, forcibly entered and searched the apartment. The police found a tinfoil packet containing 1/8

ounce of cocaine on the living room floor in a four-to-five inch space between the couch and the wall. In a closed closet, the police found a one-dollar bill and a five-dollar bill which contained very small amounts of cocaine. Also found secreted inside various closets was a total of $4,590, $110 of which was the prerecorded money from the sale made immediately before the search. The police arrested the defendant and three other adults found inside the apartment. The defendant was convicted of two counts of criminal sale of a controlled substance in the third degree for the September 20th and September 29th sales and of criminal possession of a controlled substance in the third degree for the cocaine found inside the apartment.

The defendant contends that with regard to the count of criminal possession of a controlled substance in the third degree, the court improperly charged the jury on the so-called "drug-factory" presumption (see, Penal Law § 220.25 [2]) since the cocaine was not found in plain view in the living room and because there was no evidence of a drug factory in the apartment. We agree. The tinfoil packet, which contained 1/8 ounce of cocaine, was not found in plain view since it was on the floor in a four-to-five-inch space between the couch and the wall (see generally, People v Headley, 143 AD2d 937, affd 74 NY2d 858; People v Rodriguez, 104 AD2d 832; cf., People v Frazier, 138 AD2d 401). In any event, even if this tinfoil packet could be considered to have been in plain view, the evidence does not show "circumstances evincing an intent to unlawfully mix, compound, package, or otherwise prepare for sale" (Penal Law § 220.25 [2]) the narcotics since only 1/8 ounce of cocaine (plus some residue on the one-dollar bill and five-dollar bill) were found in the apartment and no scales or other drug paraphernalia were found (cf., People v McCall, 137 AD2d 561; People v Tirado, 38 NY2d 955; People v Plower, 176 AD2d 214). Indeed, the amount of cocaine present in the apartment was a quantity reasonably associated with personal use (see, People v Plower, supra).

Although it was improper for the trial court to deliver the "drug factory" presumption charge because no view of the evidence supported this charge, the error does not require reversal of the conviction of criminal possession of a controlled substance in the third degree. The trial court instructed the jury on three theories of possession: actual possession, constructive possession, and the drug factory presumption of possession. Since there is overwhelming evidence that the defendant exercised "dominion or control" over the prop-

erty by a sufficient level of control over the area in which the contraband was found (see, *People v Manini,* 79 NY2d 561; Penal Law § 10.00 [8]), the error is harmless beyond a reasonable doubt. The People established that the defendant sold cocaine from that apartment on two different occasions, including a sale just minutes before the police searched the apartment and arrested the defendant (cf., *People v Pearson,* 75 NY2d 1001 [where there was no proof that the defendant was involved in any drug selling or other operation being conducted out of the location searched]).

The defendant also contends that the trial court's identification charge was unbalanced in that it delivered those portions of the Criminal Jury Instructions (1 CJI[NY] 10.01; hereinafter CJI) charge that supported the People's case and omitted those portions of the CJI charge favorable to the defense. The court delivered an expanded identification charge but omitted that portion of the CJI charge concerning descriptions of the defendant given to the police shortly after the commission of the crime (see, 1 CJI[NY] 10.01, at 592). Although it would have been preferable for the trial court to have charged this portion of the CJI, the omission does not warrant reversal (see generally, *People v Whalen,* 59 NY2d 273).

The trial court erred in refusing to exclude from evidence the defendant's statement, made at the time of his arrest, that he lived at apartment 7-B, since the People failed to give timely notice pursuant to CPL 710.30 (3) of their intention to use that statement at the trial (see, *People v Hester,* 161 AD2d 665; *People v Antonio,* 86 AD2d 614). However, the error does not warrant reversal since it was clearly established by four witnesses that the defendant resided at a different address with his wife and children.

We have considered the defendant's remaining contentions and find that they are unpreserved for appellate review, without merit, or do not warrant reversal of the judgment of conviction. Thompson, J. P., Sullivan, O'Brien and Santucci, JJ., concur.