■ In the Matter of JERMAINE M., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition, Family Court, New York County (Jeffry H. Gallet, J.), entered March 1, 1991 adjudging that the appellant committed acts, which if done by an adult would constitute criminal possession of a weapon in the third and fourth degrees, and criminal possession of a controlled substance in the third and fourth degrees, unanimously modified on the law, the facts and in the exercise of discretion so as to vacate the finding that the appellant committed acts constituting criminal possession of a controlled substance in the third and fourth degrees, and otherwise affirmed, without costs, and the matter remanded for further dispositional hearing.

Uniformed officers went to 128th Street and Madison Avenue in response to a radio call relating to the shooting of a teenage male. In response to a second radio call the officers went to apartment 2W at 48 E. 129th Street. The officers were voluntarily admitted to the apartment and led to a back room by an adult male who opened the apartment door. The door to the room was partially opened. Upon opening the door completely the officers saw the appellant and appellant's co-respondent lying fully clothed on a queen-size bed. In plain view,

scattered around and beneath the two, were a number of .45 caliber bullets and a loaded magazine from a .45 caliber handgun. The butt of a shotgun protruded from beneath the mattress within arm's reach of appellant's co-respondent and there was an odor of gunpowder in the room. Thirty-six vials of "crack" cocaine were recovered from a brown paper bag found on top of a dresser located against the left wall of the room. A .45 caliber semi-automatic handgun was recovered from the shelf of a closed closet. Both weapons were found to be operable and the shotgun showed evidence of discharge.

The circumstantial evidence in this case, viewed in the light most favorable to the People *(People v Contes,* 60 NY2d 620), was sufficient to exclude to a moral certainty every reasonable hypothesis inconsistent with appellant's guilt *(People v Patel,* 132 AD2d 498, *lv denied* 70 NY2d 935; *People v Lynch,* 116 AD2d 56). The only reasonable inference to be drawn from the scene with which the police were confronted upon entering the room was that appellant and his co-respondent possessed and were trying to conceal both the shotgun and the .45 caliber handgun *(see, People v Gina,* 137 AD2d 555, *lv denied* 71 NY2d 1027). While the ammunition on the bed provided the basis for the inference that appellant constructively possessed the handgun discovered in the closet, there was nothing to connect the appellant with the bag of drugs discovered across the room from him. The fact that the bag contained individual vials was not a sufficient basis for the trial court to employ the so called "drug factory" presumption (Penal Law § 220.25 [2]) to find the appellant guilty of possession of the drugs *(see, People v Headley,* 74 NY2d 858; *People v Rivera,* 176 AD2d 498, *lv denied* 79 NY2d 831). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Asch, JJ.