■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDY LYONS, Appellant. [602 NYS2d 157] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered November 15, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the trial, testimony was adduced that an undercover officer approached the defendant, who was standing under the awning of a grocery store, and the defendant asked "what do you want?". The officer asked if he had any "rock", meaning cocaine, and the defendant replied, "yeah, just a minute" and walked inside the store. The defendant came out of the store with another man, Enrique Rosa, and they walked to the vestibule of a building down the block. Rosa opened a mailbox with a key, removed a brown bag and took out two vials of cocaine. Rosa handed the two vials to the defendant, who gave them to the undercover officer in exchange for cash. Upon completion of the sale, the officer radioed the backup team, and the defendant was arrested outside the grocery store. Rosa was arrested at the same time inside the store. The police then returned to the vestibule and opened the mailbox with a key obtained from Rosa. Inside they found a brown bag with approximately 79 vials of cocaine.

On appeal, the defendant contends that the evidence was legally insufficient to support his conviction of criminal possession of a controlled substance in the fourth degree and one count of criminal possession of a controlled substance in the third degree in that there was no showing that he constructively possessed the 79 vials. Viewing the evidence in the light

most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant was not merely present at the scene of the drug sale, but he initiated and participated in the sale of drugs from the cache. Thus, the evidence was legally sufficient to establish that the defendant had joint constructive possession with regard to the remaining vials *(see, People v Holmes,* 104 AD2d 1049).

We find that the defendant's contentions with regard to the prosecutor's summation are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit *(see, People v Thomas,* 186 AD2d 602; *People v Galloway,* 54 NY2d 396).

We have reviewed the defendant's remaining contention and find it to be without merit. Rosenblatt, J. P., Copertino, Santucci and Joy, JJ., concur.