■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAVIN EDWARDS, Appellant. [614 NYS2d 469] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Canfield, J.), rendered November 6, 1992 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree.

On the basis of information provided by a confidential informant, as well as that gleaned from their own surveillance, City of Albany Police obtained a search warrant for an apartment on Clinton Avenue in the City of Albany. Upon execution of the warrant, police officers found a significant quantity of crack cocaine in one bedroom, more cocaine in small packages in the kitchen, and various weapons and drug paraphernalia throughout the apartment. All of the occupants were arrested, including defendant, who was asleep on a couch in the living room at the time of the search. Convicted after a jury trial of possession of a controlled substance in the first degree and of possessing one of the three guns found in the apartment, defendant appeals.

Defendant urges, and we agree, that the proof presented at trial was insufficient to support his conviction. While reference is made in the People's brief to a "narcotics factory * * * being run out of [the] premises" *(see,* Penal Law § 220.25 [2]), the case was prosecuted, and the jury was instructed, only with reference to a theory of constructive possession. As to that, it is settled that one's mere presence in an apartment or house where contraband is found does not constitute sufficient basis for a finding of constructive possession *(see, People v Headley,* 74 NY2d 858, 859; *People v Butts,* 177 AD2d 782, 784). Here, there is no evidence that defendant exercised

dominion or control over the premises—he neither owned, leased, resided at or was a frequent visitor to the apartment *(see, People v Rivera,* 176 AD2d 498, 500, *lv denied* 79 NY2d 831; *People v Dawkins,* 136 AD2d 726, 727)—or was involved in any drug-selling activity taking place there *(see, People v Pearson,* 75 NY2d 1001, 1002). The fact that he was observed riding in a vehicle owned by codefendant Derrick Greene on the previous day, when Greene was allegedly delivering some of the cocaine to another person who subsequently brought it to the apartment, is insufficient to establish that he had knowledge of, let alone control over, the drugs, Greene or the apartment *(see, People v Manini,* 79 NY2d 561, 573).

Moreover, even assuming that it may be inferred, from the presence of drug paraphernalia in the living room, that defendant was aware that the premises were used for drug dealing and that drugs were present, such knowledge, without more, does not furnish a sufficient basis for a finding of constructive possession. Notably, none of the cocaine was even found in the same room as defendant, nor was it in plain view *(compare, People v Tejeda,* 73 NY2d 958, 960). Nor was there testimony or any other evidence indicating that defendant knew of the presence of, let alone exercised dominion over, the gun that he was convicted of possessing, which was concealed in a bag near where Greene was sleeping at the other end of the living room *(see, Matter of Jermaine M.,* 188 AD2d 336, 337).

In sum, even when the evidence is viewed in the light most favorable to the People, as it must be at this juncture *(see, People v Lewis,* 165 AD2d 901, 902, *lv denied* 76 NY2d 1022), it is simply insufficient to support an inference that defendant exercised dominion or control over the drugs or weapons found in the apartment and thus constructively possessed them *(see,* Penal Law § 10.00 [8]).

Mikoll, J. P., Crew III, White and Weiss, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.