4  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS THOMPSON, Appellant. [625 NYS2d 97] —Casey, J. Appeal from a judgment of the Supreme Court (Canfield, J.), rendered November 6, 1992 in Albany County, upon a verdict convict-

ing defendant of the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree.

As the result of the execution of a search warrant at an apartment which had been the subject of a police investigation of drug activity, defendant and all other occupants of the apartment were arrested following the seizure of substantial quantities of drugs, drug paraphernalia and loaded handguns. Defendant was convicted on drug and weapon possession charges following a trial. It is undisputed that defendant was not in actual possession of any of the drugs or loaded handguns found in the apartment, and on this appeal he contends that the evidence is legally insufficient to support the jury's finding that he constructively possessed the drugs and a handgun.

In *People v Edwards* (206 AD2d 597, *lv denied* 84 NY2d 907), this Court reversed the drug and weapon possession convictions of a codefendant whose only connection to the drugs and weapons was his presence in the apartment. We agree with defendant that he is entitled to the same relief. Defendant was asleep on the floor of an alcove in the apartment when the search warrant was executed. There is no evidence that defendant owned, leased or resided in the apartment, or that he exercised any dominion and control over the apartment, the drugs or the weapons. The evidence relied upon by the People to distinguish defendant's case from *People v Edwards (supra)* is equivocal and does not imply any type of dominion and control over the premises or the contraband.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.