■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE SANCHEZ, Appellant. [669 NYS2d 25] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered December 15, 1995, convicting defendant, after a jury trial, of manslaughter in the first degree, attempted assault in the first degree, and assault in the second degree, and sentencing him to concurrent terms of 6⅔ to 20 years, 2 to 6 years and 2 to 6 years, respectively, unanimously affirmed.

Based upon the evidence adduced at the suppression hearing, we conclude that limited testimony about an unfruitful but relevant search of defendant's apartment subsequent to his lawful arrest therein was properly allowed. The search, which yielded nothing, was a lawful limited security sweep necessary to determine the location of the weapon used in the shooting, to locate one or more relatives of defendant, reasonably believed to be in the apartment, who might have destroyed evidence or used the weapon to retaliate against the police, and to secure the officers' safety (*People v Johnson*, 193 AD2d 35, 38, *affd* 83 NY2d 831; *People v Febus*, 157 AD2d 380, *appeal dismissed* 77 NY2d 835; *see also, People v Plower*, 176 AD2d 214, *lv denied* 79 NY2d 830). The testimony concerning the fact that a search was made was necessary and relevant to explain testimony that no weapon was tested and, in connection with the testimony of People's psychiatric expert to rebut defendant's affirmative defense pursuant to Penal Law § 40.15, in that evidence suggesting defendant's disposal of the weapon tended to negate his claim of insanity.

Given that the testimony regarding the search was properly admitted, that defendant elicited further testimony concerning the search and that the defense summation was exclusively concerned with assertion of the insanity defense and refutation of the conclusions stated by the People's psychiatric expert, the People's argument that no weapon was produced because defendant, knowing his actions were wrong, disposed of the weapon used, was both fair comment on the evidence and a proper response to the defense summation (*People v Galloway*, 54 NY2d 396; *People v Ashwal*, 39 NY2d 105, 109). Moreover, by the time summations were delivered, the jury had heard other testimony concerning defendant's flight from the scene to his apartment in possession of the missing weapon. We further conclude that the People's summation did not violate any ruling by the court or take any unfair advantage of defendant.

We perceive no abuse of sentencing discretion. Concur—Rosenberger, J. P., Ellerin, Nardelli and Rubin, JJ.