People v Johnson (2018 NY Slip Op 02879)





People v Johnson


2018 NY Slip Op 02879


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Sweeny, J.P., Manzanet-Daniels, Mazzarelli, Oing, Moulton, JJ.


5953 2950/13 5952

[*1]The People of the State of New York, Respondent,
v
Shavaler Johnson, Defendant-Appellant.
The People of the State of New York, Respondent,
v
Vijay Jain, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark Zeno of counsel), for Shavaler Johnson, appellant.
Rosemary Herbert, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for Vijay Jain, appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David P. Stromes of counsel), for respondent.



Judgments, Supreme Court, New York County (Renee A. White, J. at suppression hearing; Anthony J. Ferrara, J. at jury trial and sentencing), rendered June 23, 2015, convicting defendant Johnson of criminal possession of a controlled substance in the fifth and seventh degrees, and sentencing her, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of 2½ years, and convicting defendant Jain of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony drug offender, to an aggregate term of 2½ years, unanimously reversed, on the law, and the matter remanded for a new trial.
Defendants were present when parole officers came to the apartment in question to arrest another person for parole violation. After a struggle with the parolee at the doorway, parole officers entered the apartment to conduct a protective sweep of the apartment. An officer saw defendants down a hallway in a kitchen-living room area and proceeded to that area. In plain view on a kitchen island was a clear ziploc bag that contained 26 "twists" of crack cocaine. There was also an unspecified white residue on another kitchen counter. This white residue was not tested. There was no paraphernalia recovered associated with mixing, compounding, packaging or otherwise preparing drugs for sale. Defendants contended that the search was illegal and moved to suppress the drugs. The court denied the suppression motion.
On appeal, defendants assert that the drugs recovered from the apartment should have been suppressed as fruit of an illegal search. They also argue that the court erred in charging the jury with the "drug factory" presumption of Penal Law § 220.25(2). We find that the search was lawful. However, it was error to charge the drug factory presumption.
The court properly denied defendant Johnson's motion to suppress. The officers properly conducted a limited protective sweep of the apartment to determine if there were any people inside who might pose a threat to their safety (see Maryland v Buie, 494 US 325, 333-334 [1990]; People v McAllister, 35 AD3d 300 [1st Dept 2006], lv denied 8 NY3d 925 [2007]). The [*2]officers also reasonably believed that there might be a weapon inside the apartment based on the recovery of a firearm from the same apartment a week earlier. Moreover, there was evidence that other people were present in the apartment at the time the officers entered (see e.g. People v Bryant, 91 AD3d 558 [1st Dept 2012], lv denied 20 NY3d 1009 [2013]). During this valid protective sweep, the officers properly recovered the drugs, which were found in plain view.
The record also supports the hearing court's alternative finding that the search was based on the advance consent of the parolee. The officers had at least a reasonable belief that the third defendant, who had consented to a search of his residence as a condition of his parole, lived in this apartment.
Defendant Jain did not preserve his suppression claim (People v Buckley, 75 NY2d 843, 846 [1990] ["Defendant cannot rely on the request of a codefendant" to preserve a claim]; People v Roseboro, 151 AD3d 526, 526 [1st Dept 2017], lv denied 30 NY3d 983 [2017] [noting that "despite several opportunities to do so, (the defendant) never joined the codefendant's request"]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it for the reasons already stated.
The court's jury instruction on the drug factory presumption of Penal Law § 220.25(2) was improper. The statutory presumption "does not require that mixing or compounding paraphernalia be found on the premises" (People v de Jesus, 178 AD2d 180, 181 [1st Dept 1991], lv denied 79 NY2d 946 [1992]). However, where, as here, the quantity of drugs found does not show "circumstances evincing an intent to unlawfully mix, compound, package, or otherwise prepare for sale" (Penal Law § 220.25(2)), giving the drug factory charge is unwarranted. Here, the officers recovered approximately one gram of crack cocaine divided between 26 "twists." The fact that a larger bag contained individual twists was not a sufficient basis for the trial court to employ the drug factory presumption (see Matter of Jermaine M., 188 AD2d 336 [1st Dept 1992] [finding that the presence of 36 vials of crack in a bag in the same room as the appellant was insufficient to warrant the presumption]; People v Martinez, 186 AD2d 151, 151-152 [2d Dept 1992] [holding that a drug factory charge was unwarranted where police found 1/8 ounce of cocaine in a tinfoil packet and residue on dollar bills, but no scales, drug paraphernalia or other circumstances evincing an intent to package or prepare for sale], revd on other grounds, 83 NY2d 26 [1993], cert denied 511 US 1137 [1994]). The presence of an unspecified, untested, white residue on a kitchen counter does not justify the charge, where such is equally consistent with the residue left by household cooking and cleaning products.
Detective Hernandez testified for the People as an expert in "street level narcotics and narcotics investigations." He testified that 26 twists would be more "consistent with sale" than with possession for personal use. However, he conceded that given the absence of packaging or processing materials in the apartment, the bag, by itself, was not conclusive evidence that the drugs contained therein were actually packaged in the apartment; he testified that "[i]t could mean that those drugs were not prepped there in that specific apartment for sale."
Giving the charge when it is unwarranted is not harmless error (People v Martinez, 83 NY2d at 37). As such, the matter is reversed and remanded for a new trial.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK