■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CLAGGETT, Appellant. [724 NYS2d 910] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 13, 1992 (*People v Claggett,* 182 AD2d 694), affirming a judgment of the Supreme Court, Suffolk County, rendered May 1, 1990.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Schmidt, J. P., Adams, Crane and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DAVIS, Appellant. [725 NYS2d 878] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Pitts, J.), rendered March 10, 1998, convicting him of attempted murder in the second degree, assault in the first degree, and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

At an independent source hearing, the People established by clear and convincing evidence that the in-court identification of the defendant was based upon the witness's independent observation of the defendant (*see, People v Hyatt,* 162 AD2d 713, 714; *see also, People v Thomas,* 51 NY2d 466, 474-475).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.