**William DAVIS, Petitioner–Appellant,**

v.

**Victor T. HERBERT, Respondent–Appellee.**

No. 03–2979.

United States Court of Appeals, Second Circuit.

March 16, 2006.

Marjorie M. Smith, Piermont, NY, for Petitioner–Appellant.

Guy Arcidiacono (Michael J. Miller, on the brief), District Attorney's Office, Suffolk County, Riverhead, NY, for Respondent–Appellee.

Present: ROSEMARY S. POOLER, B.D. PARKER, Circuit Judges, and DENNY CHIN,* District Judge.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Petitioner-appellant William Davis ("Davis") appeals from a November 13, 2003, decision of the United States District Court for the Eastern District of New York (Weinstein, *J.*) denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied the petition after a jury trial in which Davis was found guilty of attempted murder in the second degree, assault in the first degree, and criminal use of a firearm in the first degree. *See People v. Davis,* 283 A.D.2d 655, 725 N.Y.S.2d 878, 878 (N.Y.App. Div.2d Dep't 2001). We assume the parties' familiarity with the facts, pro-

---

* The Honorable Denny Chin of the United States District Court for the Southern District of New York sitting by designation.

cedural history, and specification of issues on appeal.

This Court granted Davis's certificate of appealability on the following two issues that are before the Court on appeal: (1) whether the trial court denied Davis due process by admitting the identification testimony; and (2) whether the conviction was supported by sufficient evidence. We address each of these issues in turn and affirm the district court's decision as to both.

According to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for a writ of habeas corpus on behalf of a person in state custody shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). We review a district court's decision on a habeas petition de novo. *Gersten v. Senkowski*, 426 F.3d 588, 606 (2d Cir.2005).

It is clearly established precedent that if a confrontation leading to an identification was so unnecessarily suggestive that it was likely to lead to a mistaken identification, a defendant may be denied due process of law. *Stovall v. Denno*, 388 U.S. 293, 301–02, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), *abrogated on other grounds by Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). A suggestive pre-trial identification, however, need not be excluded absent a showing that the identification is itself unreliable. *See Manson v. Brathwaite*, 432 U.S. 98, 99, 117, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The Supreme Court has held that "reliability is the linchpin in determining the admissibility of identification testimony." *Id.* at 114, 97 S.Ct. 2243. Unless under the circumstances of the case, "there is a very substantial likelihood of irreparable misidentification," it is for the jury to weigh the strength of the identification. *Id.* at 116, 97 S.Ct. 2243 (internal quotations and citation omitted). Additionally, an in-court identification may be admissible, despite prior illegality relating to a line-up, so long as there is an independent source for the identification. *United States v. Wade*, 388 U.S. 218, 241–42, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

The state court's decision was not contrary to, nor did it involve an unreasonable application of clearly established federal law because the "state court identified the correct governing law ... and it did not, on a question of law, reach a conclusion opposite to that of the Supreme Court. And, the Supreme Court has not yet decided a case that is on its facts materially indistinguishable from the instant case." *See Overton v. Newton*, 295 F.3d 270, 277 (2d Cir.2002).

█ Davis argues that the court unreasonably determined that there was a sufficient independent source justifying the admission of Lenore Heron's identification of Davis despite suggestive line-up procedures. We cannot say that the court acted unreasonably in light of the evidence suggesting an independent source for the identification. Heron observed a man walk out of the woods after the shooting. She watched him as he walked the short distance in her direction. The man approached her, coming within a few feet of her. Heron engaged in a short conversation with the man. Based on this evidence of an independent source, the state court did not rule unreasonably in admitting Heron's identification.

■ Nor did the state court's decision result in an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. AEDPA requires us to presume that factual determinations are correct, especially those regarding witness credibility, *Shabazz v. Artuz*, 336 F.3d 154, 161 (2d Cir.2003), unless "there is a substantial likelihood of misidentification," *Styers v. Smith*, 659 F.2d 293, 298–99 (2d Cir.1981). There is no such likelihood in the instant case because there is sufficient evidence supporting the identification of Davis as the assailant.

Davis also challenges his conviction on the basis that it was insufficiently supported by the evidence. We may not grant the writ on this basis unless it is found based on the record adduced at trial that no rational fact-finder could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). If the record reveals facts that support conflicting inferences, we must presume that these were all resolved in favor of the prosecution. *Id.* at 326, 99 S.Ct. 2781.

■ In the instant case, the Supreme Court, Appellate Division, Second Department specifically found that the evidence was legally sufficient to support a conviction of guilt beyond a reasonable doubt. *See Davis*, 725 N.Y.S.2d at 878. Even in the absence of Heron's identification, other evidence supports this finding. Most notably, the victim, Michael Greene testified that he recognized Davis's voice as the man speaking while shooting him. Greene also testified that he asked the perpetrator his name, and he replied "William." Davis's first name is William. Greene was subjected to cross examination on this testimony, so any credibility issues were before the jury when it reached its decision.

Davis claims that Greene's testimony was not credible because Greene wanted to exact revenge on Davis and because Greene was not a voice expert. However, a presumption of correctness applies to a trial court's assessment of witness credibility. *See Shabazz*, 336 F.3d at 161. The jury heard all testimony, including that of Greene. It was in a better position to assess Greene's credibility and to accord it the proper weight. Because we cannot say that no reasonable fact-finder could have convicted Davis, we may not grant habeas on this basis.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**